BLUEBONNET ELECTRIC COOPERATIVE, INC., Appellant,

v.

UNIVERSAL ELECTRIC CONSTRUCTION COMPANY, Appellee.

No. 14896.

Court of Civil Appeals of Texas, San Antonio.

May 12, 1971.

Rehearing Denied June 2, 1971.

Vinson, Elkins, Searls & Connally, Louis E. McCarter, G. P. Hardy, Houston, for appellant.

Brown, Erwin, Maroney & Barber, Austin, for appellee.

CADENA, Justice.

Appellant, Bluebonnet Electric Cooperative, Inc., (Owner) complains of a judgment non obstante veredicto denying it recovery in a suit, based on an indemnity agreement, against defendant, Universal Electric Construction Co. (Bidder), in which Owner sought recovery of $112,500.-00 plus attorney's fees.

In March, 1962, Owner and Bidder entered into a contract calling for Bidder to undertake certain work on Owner's utility lines and poles. The indemnity provisions of the contract are as follows:

" 'The Project * * * shall be under the charge and control of the Bidder and during such period of control by the Bidder all risks in connection with the construction of the Project and the materials to be used therein shall be borne by the Bidder. The Bidder shall make good and fully repair all injuries and damages to the Project or any portion thereof under the control of the Bidder by reason of any Act of God or other casualty cause whether or not the same shall have occurred by reason of the Bidder's negligence. The Bidder shall hold the Owner harmless from any and all claims for injuries to persons or for damage to property happening by reason of any negligence on the part of the Bidder or any of the Bidder's agents or employees during the control by the Bidder of the project or any part thereof.' "

On April 25, 1965, Roger Speed, Bidder's employee, was injured during the course of his employment when a utility pole owned by Owner fell. Speed sued Owner in the District Court of Guadalupe County seeking recovery of $292,500.00 for his injuries. Bidder, though requested to do so, refused to take over defense of the suit and hold Owner harmless. Owner settled Speed's suit for $112,500.00, and then filed this suit seeking reimbursement from Bidder. In addition to his recovery from Owner, Speed recovered $22,250.00 under

the Workmen's Compensation Law from Bidder's insurance carrier.

In answer to special issues, the jury found that Owner's settlement with Speed was made in good faith and that both Owner and Bidder were guilty of separate acts of negligence proximately causing Speed's injury. The jury also found that Speed was guilty of contributory negligence. After receiving the verdict of the jury, the court entered judgment that Owner take nothing.

■ Owner first contends that since the indemnity agreement is ambiguous, the trial court erred in refusing to submit Owner's requested special issue inquiring whether the parties intended that Bidder should hold Owner harmless from claims for injuries in a situation where the injury proximately resulted from the negligence of both Owner and Bidder, and that the trial court erred in excluding offered testimony concerning the intent of the parties and their understanding concerning the meaning of the agreement.

According to Owner, the indemnity agreement can reasonably be interpreted to mean that (1) Bidder was to save Owner harmless for all claims for injury resulting solely from the negligence of Bidder; or (2) Bidder would indemnify Owner from claims for injuries caused by the negligence of Bidder, irrespective of whether or not negligent conduct of Owner was also a proximate cause of the injuries; or (3) where the injuries were proximately caused by the negligence of both Bidder and Owner, Bidder would indemnify Owner for that portion of the damages caused by the conduct of Bidder.

The indemnity agreement in this case is not materially different from that construed by our Supreme Court in City of Beaumont v. Graham, 441 S.W.2d 829, 837–838 (Tex.1969). In *Graham*, the agreement read:

" 'The *Contractor* * * * shall indemnify and save harmless the *Owner* * * * from all suits, actions or claims of any character * * * brought for or on account of any injuries or damages received or sustained by any person or persons or property, on account of any negligent act or fault of *Contractor* * * *

" 'The *Contractor* agrees to fully indemnify and save the City whole and harmless from * * * any and all costs arising from wrong, injury, or damage that may be occasioned to any person or property or to his employees, arising out of his acts in connection with the construction of the said improvements, or occasioned by said *Contractor*, his agents, servants or employees.' "

In *Graham*, the contractor's undertaking was to save the owner harmless, under the first portion of the agreement, from all claims for injuries received "on account of any negligent act" of the indemnitor. Here the obligation is to save the owner harmless from all claims for injuries "happening by reason of any negligence on the part of" the indemnitor.

In *Graham*, Chief Justice Calvert said that the language evidenced no intent on the part of the parties that the indemnitor should indemnify the indemnitee for the negligence of the indemnitee or for the joint negligence of the indemnitee and indemnitor. It should be noted that the dissenting opinion in *Graham* did not take issue with the Chief Justice's construction of the first indemnification provision. The dissenting Justice relied on the fact that the second portion of the indemnity provision was not restricted to the negligent acts of the indemnitor. In the contract before us, the obligation of Bidder is restricted to his negligent acts.

"Where the indemnity is from loss resulting from the indemnitor's 'negligent acts or omissions,' the dominant weight of authority establishes that the agreement does not cover loss where the indemnitee's negligence concurs in causing the injury." Humble Oil & Refining Co. v. Wilson, 339

**570**

S.W.2d 954, 955 (Tex.Civ.App.—Waco, 1960, writ ref'd, n. r. e.).

Owner calls our attention to the fact that in *Graham* there was, apparently, no contention that the contract was ambiguous, and points out that no evidence concerning the intent of the parties was offered in *Graham*. However, in holding (441 S.W.2d at 838–839) that the language used in the Graham contract "does not evidence an intention of the parties that [indemnitor] should indemnify [indemnitee] for the consequences of [indemnitee's] own negligent conduct, or for the consequences of the joint negligence of the parties," our Supreme Court of necessity held that the language was not reasonably susceptible to the interpretation for which Owner here contends. Where language "does not evidence an intention," a construction attributing such intention to the language cannot be defended as reasonable.

■ Owner's complaint of the action of the trial court in submitting special issues relating to the contributory negligence of Speed is without merit. We agree, as does Bidder, that the court erred in submitting such issues. However, the error was harmless. If Bidder breached his obligation to indemnify Owner, the latter was entitled to recover by merely showing that it entered into a reasonable and prudent settlement of Speed's claim in good faith. Owner would be under no burden to establish that it was in fact liable to Speed. Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1959). If, as we hold, Bidder was under no obligation to indemnify Owner under the facts and circumstances of this case, then, once again, whether or not Speed was contributorily negligent is immaterial. The submission of the contributory negligence issues, and the jury's answers to such issues, therefore, cannot affect the judgment to be entered in this case.

The judgment of the trial court is affirmed.