**DANIEL CONSTRUCTION COMPANY, Appellant,**

v.

**ETHYL CORPORATION, Donald Metcalf and Rebecca Metcalf, Appellees.**

**No. A14–85–00802–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 5, 1986.

Rehearing Denied July 10, 1986.

Randy G. Donato, W. James Kronzer, Houston, for appellant.

Michael S. Hays, Richard Warren Mithoff, Susan E. Crowley, Tommy Jacks, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

The issue presented by this appeal is whether appellant Daniel, as contractor, is liable to appellee Ethyl, as owner, under a contract of indemnity for injuries suffered by appellee Metcalf, an employee of appellant Daniel. Appellee Ethyl brings a cross-point contending that if we determine it is not entitled to full indemnity that it is entitled to contribution from Daniel based upon the percentage of Daniel's negligence as found by the jury. We hold Ethyl is not entitled to indemnity or contribution and reverse and render.

The facts are not in dispute. Daniel and Ethyl entered into a cost-plus contract whereby Daniel was to perform certain construction work on Ethyl's plant located near Pasadena. The accident forming the basis for this lawsuit involved connecting lines carrying aluminum alkyls, a highly volatile and flammable substance, from existing facilities to newly constructed facilities. Prior to making the "tie-ins" of the lines, Ethyl was supposed to purge the existing lines of the alkyls to prevent its combustion when exposed to the atmosphere. As an added precaution valve handles on the existing lines were supposed to be, and on prior like connections had been, removed from existing lines to prevent the accidental opening of the valves and the escape of the alkyls. On the occasion in question neither the existing line being connected had been purged nor was the valve handle removed prior to making the connection. The result was that the valve handle was knocked open, the alkyls in the line escaped and ignited, and Metcalf was severely burned. Metcalf sued Ethyl which in turn filed a third party claim seeking indemnity against Metcalf's employer, Daniel.

In answer to the special issues presented, the jury found that the occurrence was proximately caused by Ethyl's negligence (1) in failing to adequately inspect the area in question to see that the valve handle in question had been removed before Daniel Construction Company started work; (2) in

failing to adequately purge and blind the line leading to the valve in question before Daniel Construction Company started work; (3) in failing to require Metcalf to wear protective clothing; and (4) in failing to provide Metcalf with a safe place in which to work.

Additionally, the jury found that the occurrence was proximately caused by Daniel's negligence (1) in failing to notify Ethyl that the valve handle had not been removed before starting work, and (2) in permitting Metcalf to start the work in question at a time when Daniel Construction Company, acting through its agents and employees, knew or should have known that the valve handle in question had not been removed. However, the jury failed to find that Daniel was negligent (1) in failing to remove the valve handle in question before starting work, and (2) in failing to warn Metcalf that the valve handle was supposed to be removed before starting work.

The jury attributed ninety percent of the negligence that proximately caused the occurrence in question to Ethyl, ten percent to Daniel and found damages in favor of Metcalf. Later, the trial court granted Ethyl's motion to disregard the jury's answer to the special issue that Ethyl was negligent in failing to require Metcalf to wear protective clothing.

All parties filed motions for judgment. Metcalf sought judgment against Ethyl and prayed that Ethyl receive full indemnity from Daniel; Ethyl's motion sought full indemnity from Daniel, or in the alternative, indemnity for that portion of the negligence attributed to Daniel; and Daniel sought a take nothing judgment on Ethyl's contractual indemnity claim. The court granted judgment against Ethyl and granted full indemnity to Ethyl from Daniel.

Appellant's sole point of error contends the trial court erred in imposing indemnity liability upon Daniel because: (1) the provisions of the contract "were not sufficiently and adequately conspicious" to authorize imposition of liability on Daniel for the concurring neglect of Ethyl and Daniel; (2) the contractual indemnity provisions do not

"clearly and unequivocally" provide for indemnity for Ethyl's negligence; and (3) the jury findings that Ethyl's negligence in failing to purge the lines containing the alkyls and failing to provide Metcalf a safe place to work "were not wholly dependent upon any duty or obligation of Daniel Construction Company toward Donald A. Metcalf independent of Ethyl's own obligation and duties."

■ The well-developed rule in Texas for interpreting indemnity agreements is for an agreement to indemnify the indemnitee for its own negligence the agreement must "clearly and unequivocally" provide for such indemnification. *Eastman Kodak Co. v. Exxon Corp.*, 603 S.W.2d 208, 211 (Tex.1980); *Joe Adams & Son v. McCann Construction Co.*, 475 S.W.2d 721, 723 (Tex.1971); *Charter Builders v. Durham*, 683 S.W.2d 487, 492 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). The primary case relied upon by the appellees is *Barnes v. Lone Star Steel Company*, 642 F.2d 993 (5th Cir.1981). In *Barnes*, the indemnitee sought indemnification where the jury assessed it one hundred percent liability for damages. There the only theories of the indemnitee's liability presented to the jury were that the indemnitee allowed the indemnitor to begin and continue working knowing the indemnitor was not complying with the safety requirements of the contract. The court said the jury could not have found the indemnitee negligent except in failing to rectify the indemnitor's negligence. The holding in *Barnes* is that where the indemnitee's negligence is solely derivative from the indemnitor's negligence the indemnitor is liable without need for an agreement specifically stating that he will indemnify the indemnitee for its negligence. The indemnitor is liable based on the agreement that he will indemnify for *his* negligence. *Barnes*, 642 F.2d at 995.

Appellant seriously questions the soundness of the *Barnes* opinion, especially in view of the later adoption by the Texas Supreme Court of the Restatement (Second) of Torts § 414 as announced in *Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex.1985) and *Tovar v. Amarillo Oil Co.*,

692 S.W.2d 469 (Tex. 1985). In those cases independent duties were imposed under Texas law upon owners or contractors in the position of the indemnitee in *Barnes*. *Redinger*, 689 S.W.2d at 418; *Tovar*, 692 S.W.2d at 470. Appellant opinions that faced with the same fact situation today it is doubtful the fifth circuit would decide the case as it did. After concluding its argument that the case is unsound, appellant states that even if the case correctly states Texas law, it is of no benefit to appellees under the facts of this case as found by the jury. We agree.

■ None of the parties have attacked either the findings of the jury or the failure of the jury to find the inquired of facts. We hold the uncontested jury findings that Ethyl was negligent (1) in failing to adequately purge and blind the line leading to the valve in question before Daniel started work and (2) in failing to provide Metcalf a safe place to work were acts of negligence not derivative from the negligence of Daniel. Under *Barnes*, since Ethyl's negligence is not solely derivative from that of Daniel's, Ethyl would not be entitled to indemnity without an agreement providing for indemnity for its own negligence.

Appellees conceded in oral argument that the validity of the court-ordered indemnity against Daniel depended upon an interpretation of the jury findings of the negligence of both Ethyl and Daniel in light of the holding in *Barnes*. We, therefore, pretermit a discussion of appellant's points of error and the authorities cited concerning interpretation of the indemnity agreement not called for because of this concession. Appellant's point is sustained.

■ Apparently at Ethyl's request, the issue on comparative negligence was submitted to the jury, and the jury apportioned the negligence 90% to Ethyl and 10% to Daniel. Appellee Ethyl urges by cross-point that should we hold it is not entitled to full indemnity it should be indemnified in accordance with the jury finding that Daniel's negligence accounted for ten percent of the loss. Appellee cites no Texas authority in support of its argument. Appellant, on the other hand, cites two cases, both of which pre-date Article 2212a, the comparative negligence statute. Tex.Rev. Civ.Stat.Ann. art. 2212a (Vernon Supp. 1985) now codified in Tex.Civ.Prac. & Rem. Code Ann. §§ 33.001 et seq. (Vernon 1986). These cases are *City of Beaumont v. Graham*, 441 S.W.2d 829 (Tex.1969), and *Bluebonnet Electric Corp. v. Universal Electric Construction Company*, 467 S.W.2d 567 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). In both cases contribution for concurrent negligence was denied. We fail to understand how Article 2212a changes the rule. *See, Varela v. American Petrofina Co. of Texas*, 658 S.W.2d 561 (Tex. 1983). We agree with appellant that the "Texas indemnitor only assumes liability under provisions such as are before the Court if the conduct is solely caused by his work, and he contractually assumes *no* indemnity obligation if the accident is caused, at least in part, by the concurring neglect of the owner or general contractor." Absent a clear and unequivocal contractual provision so providing, we hold the indemnitor is not obligated to make contribution based upon his proportionate negligence. Ethyl's cross-point is overruled.

The judgment awarding Ethyl Corporation full indemnity against Daniel Construction Company is reversed and here rendered that Ethyl Corporation take nothing.