**OWENS–ILLINOIS, INC., Appellant,**

v.

**GULF COAST MASONRY, INC., Appellee.**

**No. 09–86–034 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 26, 1986.

Rehearing Denied Jan. 7, 1987.

Lawrence Louis Germer, Orgain, Bell & Tucker, Beaumont, for appellant.

Fred D. Raschke, Mills, Shirley, McMicken & Eckel, Galveston, for appellee.

## OPINION

BURGESS, Justice.

This is a summary judgment case construing an indemnity provision in a contract. Gulf Coast Masonry, Inc. (Gulf Coast) contracted to repair a lime kiln at the Owens-Illinois, Inc. (Owens) plant near Orange, Texas. One of Gulf Coast's employees injured himself and initiated suit against Owens. Owens, in turn, filed a third-party action against Gulf Coast for contractual indemnity. Gulf Coast then moved for summary judgment claiming the indemnity provision did not contain "clear and unequivocal" language to render the provision enforceable. The trial court granted the summary judgment in an interlocutory order. Owens then settled the remaining action and the court entered a final take-nothing judgment. Owens appeals the granting of the motion for summary judgment.

The provision in question states:

Contractor agrees to indemnify and save Owner harmless from any and all loss sustained by Owner by reason of damage to owner's property or operations, and from any liability or expense on account of property damage or personal injury (including death resulting therefrom) sustained or alleged to have been sustained by any person or persons, including but not limited to employees of Owner, Contractor and subcontractors, arising out of or in any way connected with or attributable to the performance or non-performance of work hereunder by contractor, its subcontractor(s) and their respective employees and agents, or by any act or omission of Contractor, its sub-contractor(s), and their respective employees and agents while on Owner's premises, or by defects in material or equipment furnished hereunder....

Texas law requires that a valid indemnity provision sufficiently notify the indemnitor that it comprehends the indemnitee's negligence, however, the literal expression of that fact is not required. As recently stated in *Dorchester Gas Corp. v. American Petrofina*, 710 S.W.2d 541, 543 (Tex.1986):

Generally, in Texas, an indemnity provision will not give protection to the indemnitee against the consequences of his own negligence unless the contract expresses such an obligation in clear and unequivocal terms. A broad general statement of indemnity is insufficient to protect an indemnitee against his own negligence. *Eastman Kodak Co. v. Exxon Corp.*, 603 S.W.2d 208, 211 (Tex.1980).

*Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.*, 490 S.W.2d 818, 822 (Tex.1973).

█ While broad, general language does not suffice under the clear and unequivocal rule, the Supreme Court recognizes that certain indemnity agreements, by nature, put the indemnitor on notice that the obligation extends to the indemnitee's negligence. As Justice Daniel wrote in *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.*, 490 S.W.2d 818, 822 (Tex. 1973):

> We have, in fact, progressed toward the so-called 'express negligence' rule as near as is judicially possible without adopting it and thereby requiring in all cases that the parties state, in so many words, that they intend to save the indemnitee harmless from liability for his own negligence. In this connection, it should be clear from our opinion in [*Joe Adams & Sons v.*] *McCann* [*Construction Co.*, 475 S.W.2d 721 (Tex.1971)], *supra*, including its discussion of the leading cases and modification of our opinion in *Ohio Oil Co. v. Smith*, 365 S.W.2d 621 (Tex.1963), that broad general statements of the indemnity obligation are not sufficient to protect an indemnitee against his own negligence, and that the only presently recognized exceptions are limited to (1) agreements in which one person clearly undertakes to indemnify another against liability for injuries or damages caused by defects in certain premises or resulting from the maintenance or operation of a specified instrumentality as in *Mitchell's, Inc. v. Friedman*, [157 Tex. 424, 303 S.W.2d 775 (1957)] *supra*, and *Houston & T.C.R. Co. v. Diamond Press Brick Co.*, 111 Tex. 18, 222 S.W. 204, 226 S.W. 140 (1920); (2) agreements which fall within the peculiar circumstances of the indemnitor having complete supervision over the property and employees of the indemnitee in connection with the performance of the indemnitor's contract, as in *Spence & Howe* [*Construction Co. v. Gulf Oil Corp.*, 365 S.W.2d 631 (Tex. 1963)], *supra*; and (3) contracts in which there is an unequivocal provision that indemnitor will protect and indemnify the indemnitee from any and all liability by reason of injuries to indemnitor's employees as in *Ohio Oil, supra*.

The majority of this passage was quoted in *Eastman Kodak Co. v. Exxon Corp.*, 603 S.W.2d 208, 212 (Tex.1980). *Kodak* clarified that the first of these agreements was only a "so-called" exception that realized the goal of the clear and unequivocal rule by recognizing definite language other than "the indemnitee's own negligence" that necessarily put the indemnitor on notice that such negligence was exactly what the agreement covered. This can also be said of the third so called exception recognized in *Fireman's Fund, supra*, for this exception requires an "unequivocal provision" that the indemnitor will protect and indemnify the indemnitee from any and all liability by reason of injuries to the indemnitor's employees. When a contract includes such a provision, the indemnitor necessarily knows that the indemnity pertains to damages that result from the indemnitee's negligence.

█ The contract provision in this case covered "any liability ... on account of personal injury ... sustained by ... employees of ... contractor...." This language is sufficient to meet the requirements of *Fireman's Fund, supra*. The trial court erred in holding the indemnity provision unenforceable as a matter of law. The summary judgment is reversed and the cause remanded.

REVERSED AND REMANDED.