Calvin L. DUPONT

v.

**TXO PRODUCTION CORP., TXO Gas Centures Corp.**

**Civ. A. No. B–86–0155–CA.**

United States District Court, E.D. Texas, Beaumont Division.

June 15, 1987.

James Mehaffy, Jr., Beaumont, Tex., for plaintiff.

John Bissell, Walter Crawford, Beaumont, Tex., for TXO.

Palmer Hutcheson, Houston, Tex., for Richards Drilling.

## MEMORANDUM OPINION

COBB, District Judge.

In the present case, the plaintiff, Calvin L. Dupont, was injured on February 14, 1984, while working on an oil drilling rig for his employer, Richards Drilling Company. Richards was hired by TXO Production Corporation, the operator of the rig, to perform day work drilling operations. On February 10, 1986, plaintiff filed suit against TXO, basing his claims on the theories of strict liability and negligence. Plaintiff could not sue Richards directly because of the proscription against recov-

ery under the Texas Workers' Compensation Act for his employer's negligent acts. However, TXO demanded that Richards defend and indemnify TXO against the plaintiff's allegations, and filed a third party complaint in this respect. The basis of TXO's third party action stems from an indemnity contract which provides in pertinent part:

Paragraph 14.8. *Contractor's Indemnification of Operator.* Contractor [Richards] agrees to protect, defend, indemnify, and save operator [TXO], its officers, directors, employees, and joint owners, harmless from and against all claims, demands, and causes of action of every kind and character *without limit and without regard to the cause or causes thereof or the negligence of any party or parties*, arising in connection herewith in favor of contractor's employees ... on account of bodily injury, death, or damage to property.

Paragraph 14.13. *Indemnity Obligations.* Except as otherwise express limited herein, it is the intent of the parties hereto that all indemnity obligations and/or liabilities assumed by such parties under terms of this contract, including, without limitation, paragraphs 14.1 through 14.12 hereof, be without limit *and without regard to the cause or causes thereof ... or the negligence of any party or parties, whether such negligence be sole, joint or concurrent, active or passive ...*

Richards has moved for summary judgment, contending that the above indemnity provisions are invalid under the express negligence doctrine recently adopted by the Texas Supreme Court in *Ethyl Corp. v. Daniel Construction Co.,* 725 S.W.2d 705 (Tex.1987).

In *Ethyl,* the Texas Supreme Court expressly overruled the previous line of cases which had been decided under the clear and unequivocal test for determining the validity of indemnity agreements.[1] Instead, the court adopted the express negligence test and articulated this standards as follows:

The express negligence doctrine provides that parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms. Under the doctrine of express negligence, the intent of the parties must be specifically stated within the four corners of the contract. *Ethyl,* 725 S.W.2d at 708.

The Texas Supreme Court substituted the express negligence doctrine for the clear and unequivocal test, because ingenious scriveners often developed novel ways of writing indemnity provisions by using clever ambiguity to conceal from the indemnitor his true obligations. *Ethyl Corp.,* 725 S.W.2d at 707.

In *Ethyl,* the contract between Ethyl and Daniel contained the following indemnity provisions:

Contractor shall indemnify and hold owner harmless against any loss or damage to persons or property as a result of operations growing out of the performance of this contract and caused by the negligence or carelessness of contractor, contractor's employees, subcontractors, and agents or licensees.

The court found that this agreement failed to meet the express negligence test since the "any loss" language and the "as a result of operations" language did not intend to cover Ethyl's *own* negligence. (emphasis added)

Other recent decisions in the Texas courts have followed the express negligence rationale articulated in *Ethyl.* The interpretation of the contract provisions in these cases provides this court further guidance when construing the TXO/Richards contract in the present case.

**1.** Under the clear and unequivocal test, the court determines whether the contract between the parties expresses in clear and unequivocal language the intent of the indemnitor to indemnify the indemnitee against the consequences of the indemnitee's own negligence, whether such negligence was the sole proximate cause of the injury, or a proximate cause jointly and concurrently with the indemnitor's negligence. *Sira & Payne, Inc. v. Wallace & Riddle,* 484 S.W.2d 559 (Tex.1972); *Joe Adams & Son v. McCann Construction Co.,* 475 S.W.2d 721 (Tex.1971); and *Eastman Kodak Co. v. Exxon Corp.,* 603 S.W.2d 208 (Tex.1980).

In *Owens-Illinois, Inc. v. Gulf Coast Masonry, Inc.*, 722 S.W.2d 465 (Tex.App.—Beaumont 1986) *reversed,* —— S.W.2d ——, 30 *Tex.Sup.Ct.Journ.* 388 (Tex. April 29, 1987), the Texas Court of Appeals declared that the language of the following indemnity agreement was sufficient to meet the clear and unequivocal test:

> Contractor agrees to indemnify and save owner harmless from any and all loss sustained by owner ... from any liability or expense on account of property damage or personal injury ... sustained or alleged to have been sustained by any person or persons, ... arising out of ... the performance or non-performance of work hereunder by contractor ... or by any act or omission of contract, its subcontractors, and their respective employees and agents while on owner's premises....

However, the Texas Supreme Court reversed, finding that the language failed to meet the specificity requirements under the express negligence doctrine. In this respect, it should be noted that the term "negligence" was not found in the above language, and, though the agreement specified the contractor's duty to indemnify owner for claims resulting from the contractor's acts, it failed to state, with equal specificity, the obligation to indemnify for claims resulting from acts of other parties. Further, the contractor may have reasonably assumed that if it were to indemnify owner for the acts of other parties, this requirement also would have been stated in specific terms.

Another recent case dealing with the interpretation of an indemnity contract is the case of *Singleton v. Crown Central Petroleum Corp.*, 729 S.W.2d 690 (Tex.1987). In *Singleton*, the plaintiff sued Crown Central Pretroleum Corporation, the owner of the premises, and Mundy Construction Company, its contractor, for injuries caused by the acts of Mundy's employee. The jury found that Crown and Mundy were concurrently negligent, and the trial court required that Mundy indemnify Crown based upon an indemnity agreement, the relevant portions of which provided that:

> Contractor agrees to ... indemnify ... owner ... from and against any and all claims ... of every kind and character whatsoever, ... for or in connection with loss of life or personal injury ... directly or indirectly arising out of ... the activities of contractor ... excepting only claims arising out of accidents resulting from the sole negligence of owner.

The Texas Court of Appeals upheld the trial court's decision, and concluded that these above provisions provided a clear and unequivocal expression of the parties' intent that Mundy indemnify Crown for all personal injury claims in connection with Mundy's activities, except those based on the sole negligence of Crown, the owner. *See, Singleton v. Crown Central Petroleum Corp.*, 713 S.W.2d 115, at 119 (Tex. App.—Houston 1985).

The Texas Supreme Court reversed the appellate decision, basing its opinion on the express negligence rule. The broadly worded indemnity contract in *Singleton* did not specifically state that Mundy was obligated to indemnify Crown for its concurrent negligence. Furthermore, it was an implicit indemnity agreement requiring Mundy to deduce his full obligation from the sole negligence exception.

Turning to the indemnity contract in dispute in the instant case, the court finds that the contract meets the requirements of the express negligence test. The agreement specifically provides that Richards must indemnify TXO for its own sole or concurrent negligence. See Paragraph 14.-13 of the agreement. Further, it states without implicit meaning that the parties intend Richards to indemnify TXO against all claims, no matter the cause of the incident or who was negligent, be it Richards, TXO, or another party. See paragraph 14.8 of the agreement. In light of the foregoing, third party defendant's motion for summary judgment is hereby DENIED.