**ADAMS RESOURCES EXPLORATION CORPORATION, Appellant,**

v.

**RESOURCE DRILLING, INC., Appellee.**

No. B14–87–770–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 20, 1988.

Rehearing Denied Nov. 10, 1988.

Michael E. Warrick, Houston, for appellant.

Reagan Wm. Simpson, Scott Rothenberg, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

OPINION

PRESSLER, Justice.

The trial court granted a Summary Judgment by holding that the indemnity provisions in a contract between the parties were unenforceable. We reverse and remand for further proceedings consistent with this opinion.

In 1984 appellant contracted with appellee to do work on a well. The contract included a provision under which the contractor (appellee herein) would indemnify appellant, for the following:

... all claims, demands, and causes of action of every kind and character, without limit and without regard to the cause or causes thereof or the negligence of any party or parties, arising in connection herewith in favor of Contractor's employees or Contractor's subcontractors or their employees, or Contractor's invitees, on account of bodily injury, death or damage to property.

An employee of appellee was injured on the job and brought suit. One of the named defendants brought a third party action against appellant for contribution and indemnity. Appellant then filed a third party action against appellee for indemnification under the contract. The trial court granted appellee's Motion for Summary Judgment holding the indemnification clause unenforceable because it failed to satisfy the express negligence doctrine. The third party action against appellee was severed from the original cause. The only point of error contests the granting of the Summary Judgment.

In *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987) the Texas Supreme Court substituted an express negligence test in cases, such as this one, involving contractual indemnity in the place of the previous test which was that the wording of the contract be clear and unequivocal. The court held as follows:

> The express negligence doctrine provides that parties seeking to indemnify the consequences of its own negligence must express that intent in specific terms. Under the doctrine of express negligence, the intent of the parties must be specifically stated within the four corners of the contract. *Ethyl Corp.* at 708.

The exact wording of each indemnity provision must be evaluated on a case to case basis to determine its validity. Indemnity clauses should be upheld where the parties' intention is specifically set forth by the language of the contract.

In *Ethyl,* the court held the language of that contract was unenforceable. It read as follows:

Contractor shall indemnify and hold Owner harmless against any loss or damage to persons or property as a result of operations growing out of the performance of this contract and caused by the negligence or carelessness of Contractor, Contractor's employees, Subcontractors and agents or licensees.

In the lawsuit Ethyl attempted to have Daniel indemnify *Ethyl* for it's own negligence. The contract, however, stated that the indemnity provision would cover the negligence of the contractor, not the owner. The language Ethyl was attempting to use was simply not in the contract. In the case before us, the parties cite language which is indeed in the contract. Therefore, it must be assumed that the parties intended that it be there and be enforced.

The clauses at issue are as follows:

14.8 Contractor's Indemnification of Operator: Contractor agrees to protect, defend, indemnify, and save operator, its officers, directors, employees and joint owners harmless from and against all claims, demands, and causes of action of every kind and character, without limit and without regard to the cause or causes thereof or the negligence of any party or parties, arising in connection herewith in favor of Contractor's employees or Contractor's subcontractors or their employees, or Contractor's invitees, on account of bodily injury, death or damage to property....

14.13 Indemnity obligation: Except as otherwise expressly limited herein, it is the intent of parties hereto that all indemnity obligations and/or liabilities assumed by such parties under terms of this Contract, including, without limitation, paragraphs 14.1 through 14.12 hereof, be without limit and without regard to the cause or causes hereof (including pre-existing conditions), the unseaworthiness of any vessel or vessels, strict liability, or the negligence of any party or parties, whether such negligence be sole, joint or concurrent, active or passive. The terms and provisions of paragraphs 14.1 through 14.12 shall have no application to claims or causes of action asserted against Operator or Contractor by

reason of any agreement of indemnity with a person or entity not a party hereto.

■ To be enforceable three elements must exist: (1) The intent of the parties must be clear; (2) it must be set forth within the four corners of the agreement; and (3) the specific intent of the parties must be expressed.

■ Here the intent of the parties is clear. It is expressed in the agreement. The clause specifically asserts that it covers the negligence of both parties.

In *Gulf Coast Masonry, Inc. v. Owens–Illinois, Inc.*, 739 S.W.2d 239 (Tex.1987), the Texas Supreme Court held the indemnity provision failed to meet the requirements of the express negligence doctrine. That contract provided:

> Contractor agrees to indemnify and save owner harmless from any and all loss sustained by owner by reason of damage to owner's property or operations, and from any liability or expense on account of property damage or personal injury sustained by any person or persons, including but not limited to employees of owner, contractor and subcontractors, arising out of or in any way connected with or attributable to the performance or nonperformance of work here under (sic) by contractor, its subcontractors and their respective employees and agents, or by any act or omission of contractor, its subcontractors, and agents while on owner's premises, or by defects in material or equipment furnished hereunder ...

Since this clause of the agreement does not make reference to negligence, it was not specific and failed the express negligence test. Likewise, the Court in *Singleton v. Crown Central Petroleum Corp.*, 729 S.W.2d 690 (Tex.1987) struck down a broadly worded indemnity provision because it did not specifically state that there was indemnity for concurrent negligence. The provisions that have been held unenforceable have either not specifically mentioned negligence or have not properly set forth the extent of coverage which would be applied.

In *B–F–W Construction Co., Inc. v. Garza*, 748 S.W.2d 611 (Tex.App.—Fort Worth 1988), the Court of Appeals found the contract met the requirements of the express negligence doctrine. The contract there stated merely, that indemnity would apply "... regardless of cause or any fault or negligence of Contractor ..." The clause before us is even more specific. It states that it applies to negligence whether it is sole, joint or concurrent, active or passive [section 14.13]. The intent of the parties is specific.

This identical indemnity provision was upheld in *DuPont v. TXO Production Corp.*, 663 F.Supp. 56 (E.D.Tex.1987). As in *DuPont*, this provision meets the requirements of the express negligence test. It states that the intent of the parties was for the contractor to indemnify the operator for any accident for which appellant was found liable. *DuPont* 663 F.Supp. at 58. Here there is a possibility that Adams Resources could be found negligent. If Adams Resources was found to be negligent, Resource Drilling would be required to indemnify it.

Appellee claims that the contract is not specific because it is not clear who is to indemnify whom. The heading of the provision is "Contractor's Indemnification of Operator." This is clear. It provides that the contractor indemnifies the operator for claims or losses from injuries to appellee's employees. The provision is cited above. Appellee asserts that the words "party" and "parties" used therein are too broad to meet the specificity requirement of the express negligence test. The provision states, "... it is the intent of *parties hereto* that all indemnity obligations and/or liabilities assumed by such *parties* ..." [Section 14.13 emphasis added]. The meaning is apparent and is not too broad. Appellant and appellee were the only parties to the contract. These terms are commonly used in present day contracts and their meaning is well established.

Both parties are professionals in their fields and employ highly experienced personnel who understand the importance of the wording of a contract. The contracting

parties were in similar bargaining positions. They were legally competent to enter into this agreement, and it should be binding upon them.

The opinion of the trial court is reversed and remanded for proceedings consistent with this opinion.