**ATLANTIC RICHFIELD OIL & GAS COMPANY, Appellant,**

**v.**

**D.L. McGUFFIN, d/b/a M & M Contracting Company, Appellee.**

No. 13–88–309–CV.

Court of Appeals of Texas, Corpus Christi.

June 15, 1989.

Rehearing Denied July 7, 1989.

Cynthia Hollingsworth, David Gibson, and Stacy R. Obenhaus, Gardere & Wynne, Dallas, for appellant.

Roger Reed, Flores, Munoz, Hockema & Reed, McAllen, for appellee.

Before UTTER, SEERDEN and DORSEY, JJ.

## OPINION

UTTER, Justice.

Atlantic Richfield Oil & Gas Company (ARCO), appellant, appeals from an order granting summary judgment in favor of D.L. McGuffin, appellee, which was adverse to ARCO's cross-action for indemnity. We reverse and render the judgment of the trial court.

The administratrix and heirs of Rafael F. Farias filed a wrongful death suit against several defendants, including ARCO and appellee. ARCO subsequently filed a cross-action against appellee claiming that it was entitled to contractual indemnity pursuant to an agreement between ARCO and appellee. On September 29, 1987, appellee filed a motion for summary judgment asserting: (1) that pursuant to Tex. Civ.Prac. & Rem.Code Ann. §§ 127.001, 127.001(1)(B), 127.003, and 127.005 (Vernon 1986), the above agreement for contractual indemnity was either void in its entirety or void insofar as it created any right to indemnity to ARCO in excess of the amount of liability insurance that the agreement required appellee to furnish; and (2) that ARCO's supplemental cross-action for contractual indemnity should be dismissed for failure to state a cause of action because the provisions of the agreement are unenforceable. Appellee alleged that the provisions did not expressly state that appellee was to indemnify ARCO for damages resulting from ARCO's negligence and that the provisions did not expressly state that appellee was to indemnify ARCO for damages resulting from joint and concurrent negligence of ARCO and appellee.

On October 26, 1987, ARCO filed a combination cross-motion for summary judgment and response to appellee's motion for summary judgment. In that motion, ARCO contended both that it was entitled to recover $300,000.00 from appellee pursuant to the above agreement in accordance with Tex.Civ.Prac. & Rem.Code Ann. § 127.005 (Vernon 1986), and that the language of that agreement satisfied the express negligence test adopted by the *Texas Supreme Court in Ethyl Corp. v. Daniel Construction Co.,* 725 S.W.2d 705, 708 (Tex.1987). On that same day, ARCO filed a motion wherein it requested the court to grant them leave to file their cross-motion for summary judgment and to shorten the time for notice for the hearing on that cross-motion. On October 27, 1987, appellee filed a "memorandum brief ... in support of special exception and motion for summary judgment as to cross-action by [ARCO] for contractual indemnity." This brief was not a response to ARCO's cross-

motion for summary judgment. It does indicate, however, that there may be fact issues should their motion for summary judgment be denied. A hearing was held on October 27, 1987 and the trial court signed an order on November 6, 1987, wherein it granted appellee's motion for summary judgment and denied ARCO's cross-motion for summary judgment. That order further expressly stated that it considered ARCO's response to appellee's motion for summary judgment but does not indicate whether it considered appellee's memorandum brief.

By its first point of error, ARCO contends that the trial court erred in granting appellant's motion for summary judgment because the indemnity provisions of the term agreement between appellee and ARCO are enforceable under Texas law. ARCO argues that the indemnity provisions were sufficient to satisfy the express negligence test. The agreement contained the following indemnity provisions:

9.1 *Contractor agrees to* protect, defend, *indemnify,* and save *company,* its joint owners and their respective officers, directors, and employees harmless from and *against all claims, demands, and causes of action of every kind and character, without limit and without regard to the cause or causes thereof or the negligence of any party or parties, arising in connection herewith* in favor of Contractor's employees or Contractor's subcontractors or their employees on account of bodily injury, death, or damage to property.

20. Except as otherwise expressly limited herein, *it is the intent of all parties hereto that all indemnity obligations* and liabilities assumed by the parties under the terms of this agreement, including, without limitations, sub-paragraphs 9.1 through 9.7 and subparagraphs 11.1 through 11.4 hereof, *be without monetary limit and without regard to the causes thereof* (including pre-existing conditions), the unseaworthiness of any vessel or vessels, strict liability, or *the negligence of any party or parties, whether the negligence be sole, joint or concurrent, active or passive* and with-

out regard to whether the claim against the indemnitee is the result of an indemnification agreement with a third party (emphasis added).

■ A party seeking indemnity from the consequences of its own negligence must express that intent in specific terms within the four corners of the contract in order for such an indemnity provision to be enforceable. *Ethyl Corp. v. Daniel Construction Co.,* 725 S.W.2d 705, 708 (Tex. 1987); *Gulf Coast Masonry, Inc. v. Owens–Illinois, Inc.,* 739 S.W.2d 239, 239 (Tex.1987). The purpose behind the adoption of the express negligence rule is to require scriveners to make it clear when the intent of the party is to exculpate an indemnitee for the indemnitee's own negligence, and to avoid ambiguous language which may conceal that intent from the indemnitor. *Atlantic Richfield Co. v. Petroleum Personnel, Inc.,* 768 S.W.2d 724 (Tex.1989); *Ethyl,* 725 S.W.2d at 707–708.

■ We hold that the above provisions satisfy the express negligence rule by specifically stating that appellee agreed to indemnify ARCO for ARCO's negligence. *Dupont v. TXO Production Corp.,* 663 F.Supp. 56, 58 (E.D.Tex.1987); *Petroleum Personnel,* 768 S.W.2d at 726; *Adams Resources Exploration Corp. v. Resource Drilling, Inc.,* 761 S.W.2d 63, 65 (Tex.App. —Houston [14th Dist.] 1988, no writ); *B–F–W Construction Co. v. Garza,* 748 S.W.2d 611, 614 (Tex.App.—Fort Worth 1988, no writ). We sustain ARCO's first point of error.

By its second point of error, ARCO contends the trial court erred in denying its cross-motion for summary judgment because there was no genuine issue of fact to be resolved and that it was entitled to recover on its indemnity contract as a matter of law.

When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovant and indulge every reasonable inference in their favor. *Nixon v. Mr. Property Management, Inc.,* 690 S.W.2d 546, 548–49 (Tex.

1985); *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 592 (Tex.1975). The movant's burden is to show that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Major Investments, Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

■ When a trial court grants a summary judgment, the losing party appeals, and an appellate court finds reversible error in the judgment, the appellate court's normal action is to reverse the trial court's judgment and remand the cause to the trial court. An exception may occur when both parties moved for summary judgment and one such motion was granted, but the other denied. Then the appellate court should determine all questions presented, and may reverse the trial court's judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

■ We have already held that the indemnity provisions of the term agreement are unambiguous and therefore enforceable as written. Appellee did not file a proper response to ARCO's cross-motion for summary judgment and the memorandum brief appellee filed in support of its own motion for summary judgment does not sufficiently raise any fact issues regarding the indemnity agreement. Moreover, ARCO admits that it is not entitled to be indemnified for the full amount of the agreed judgment ($1,000,000.00), but argues that it is entitled to the maximum amount permitted under Texas law ($300,-000.00) as a matter of law.

Generally, Tex.Civ.Prac. & Rem.Code Ann. § 127.003 (Vernon 1986) would hold that a promise in an oil and gas agreement, such as in the case at bar, is void and unenforceable if it purports to indemnify a person against loss or liability for damage that results from the sole or concurrent negligence of the indemnitee and which results in personal injury or death. However, Tex.Civ.Prac. & Rem.Code Ann. § 127.005 expressly states that "this chapter does not apply to an agreement that provides for indemnity with respect to claims for personal injury or death ... if the parties agree in writing that the indemnity obligation will be supported by available liability insurance coverage to be furnished by the indemnitor." This section further states that the amount of insurance required may not exceed 12 times the State's basic limits for personal injury, as approved by the State Board of Insurance.

Paragraph 8.1 of the term agreement between appellee and ARCO expressly states in relevant part:

8.1 Without limiting the indemnity obligations or liabilities of Contractor or its insurers, at any and all times during the term of this agreement, Contractor agrees to carry insurance of the types and in minimum amounts as follows:

\* \* \* \* \* \*

c. Comprehensive General Liability Insurance; including contractual liability insuring the indemnity agreement as set down in the agreement with minimum limits of $300,000 applicable to bodily injury, sickness or death in any one occurrence....

Additionally, ARCO submitted a document which reveals that the basic limits for bodily injury coverage approved by the Texas State Board of Insurance is $25,000.00. These facts are undisputed.

We hold that the indemnity agreement between appellee and ARCO is not void and unenforceable insofar as it does not exceed the $300,000.00 (12 x $25,000.00) of insurance coverage appellee was required to furnish under the written agreement. We further hold that no genuine issues of material fact exist and that ARCO is entitled to recover $300,000.00 in contractual indemnity from appellee as a matter of law.

■ By a "reply" point, appellee contends that if the indemnity provisions of the term agreement are not unenforceable under the express negligence test, then the cause should be remanded to the trial court in order to allow appellee an opportunity to make a factual response to ARCO's motion for summary judgment. Appellee argues

that the trial court did not hold a hearing on ARCO's cross-motion for summary judgment. Appellee asserts that it would have been inappropriate for the trial court to have held contemporaneous hearings on both motions for summary judgment because ARCO's cross-motion could not have been heard, absent leave of court, until at least twenty-one days after the cross-motion was filed and served. Tex.R.Civ.P. 166a(c). Appellee complains that, because of the short notice, he did not have an opportunity to present a factual resonse and sworn affidavit to ARCO's cross-motion prior to the October 27, 1987 hearing on his own motion for summary judgment.

The record contains ARCO's motion to shorten the time for notice for the hearing on its cross-motion, but does not indicate whether that motion was ever granted. However, the trial court expressly stated that it considered ARCO's response (incorporated into ARCO's cross-motion), and thereafter specifically denied ARCO's cross-motion for summary judgment. Therefore, since the trial court ruled on ARCO's cross-motion, no leave of court was necessary.

■ Although appellee's point was labeled a "reply" point, it is, in fact, a cross-point. See *Jackson v. Ewton,* 411 S.W.2d 715, 717 (Tex.1967); Patrick, *Limited and Cross Appeals,* in State Bar of Texas, Advanced Appellate Practice Course Manual F4–6 (1988); Tex.R.App.P. 74(c). Reply points respond to appellant's points brought forward on appeal, whereas cross-points complain of some ruling or action of the trial court which allegedly constituted error as to the appellee. This is an important distinction because appellee has the burden to present a sufficient record to show error requiring reversal on the issues raised in a cross-point. Tex.R.App.P. 50(d).

In the present case, appellee is not countering any of ARCO's points of error, but is complaining that he did not receive timely notice from ARCO and that he was thereby denied an opportunity to respond to ARCO's cross-motion for summary judgment. Since the trial court ruled on ARCO's motion for summary judgment, ap-

pellee is actually seeking a review of the trial court's having acted on ARCO's cross-motion when there was inadequate notice. The trial court's ruling on ARCO's cross-motion obviated any further need for ARCO to seek leave of court. Therefore, we will construe appellee's issue as cross-point.

■ After carefully reviewing the record, we hold that appellee has failed to preserve error on his cross-point. The record is devoid of any indication that appellee objected to the lack of notice in any way, that appellee complained about being denied an opportunity to present his response, or that appellee filed a motion for continuance. An allegation that a party has received less notice than required by statute does not present a jurisdictional question and, therefore, may not be raised for the first time on appeal. See *Delta Petroleum & Energy Corp. v. Houston Fishing Tools Co.,* 670 S.W.2d 295, 296 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Hudenburg v. Neff,* 643 S.W.2d 517, 518 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 313 (1983); *Chandler v. Escobar,* 604 S.W.2d 524, 526 (Tex. Civ.App.—El Paso 1980, no writ); *Lofthus v. State,* 572 S.W.2d 799, 800 (Tex.Civ.App. —Amarillo 1978, writ ref'd n.r.e.); Tex.R. Civ.P. 166a(f).

■ We conclude, therefore, that there are no genuine issues of material fact and that ARCO is entitled to judgment on its cross-motion as a matter of law. In the absence of a written response and supporting affidavits appellee may only attack on appeal the legal sufficiency of the grounds expressly raised by ARCO in its cross-motion for summary judgment. See *State Board of Insurance v. Westland Film Industries,* 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex. 1979); *Wynn v. Kensington Mortgage & Finance Corp.,* 697 S.W.2d 47, 49 (Tex. App.—Austin 1985, no writ); *Troth v. City of Dallas,* 667 S.W.2d 152, 155 (Tex.App.— Corpus Christi 1984, writ ref'd n.r.e.). Inasmuch as we have already determined

that the indemnity provisions of the term agreement are binding and enforceable and that no fact issues exist in that regard, we hold that ARCO is entitled to judgment as a matter of law on its cross-motion for summary judgment.

We sustain ARCO's second point of error and overrule appellee's cross-point.

We REVERSE the judgment of the trial court wherein it granted appellee's motion for summary judgment and denied ARCO's cross-motion for summary judgment. We, accordingly, RENDER the judgment on ARCO's cross-action for contractual indemnity against appellee in the amount of $300,000.00.