ETHYL CORPORATION & Donald Metcalf, et ux., Petitioners,

v.

DANIEL CONSTRUCTION COMPANY, Respondent.

No. C–5621.

Supreme Court of Texas.

Feb. 25, 1987.

Rehearing Denied April 1, 1987.

Michael S. Hays and Susan E. Crowley, Hays, McConn, Price & Pickering, Richard Warren Mithoff, P.C., Tommy Jacks, Doggett, Jacks, Marston & Perimutter, Houston, for petitioners.

Randy G. Donato, Weitinger, Steelhammer & Tucker, W. James Kronzer, Jr., Houston, for respondent.

Ronald D. Secrest, Houston, for Northwest Sweepers, Inc., amicus curiae in opposition to petitioners' application for a writ of error.

WALLACE, Justice.

This is a suit on an indemnity contract between an owner and contractor. The case originated from a worker's compensation claimant's third-party personal injury claim. The trial court granted indemnity to Ethyl Corporation, the owner. The court of appeals reversed and absolved Daniel Construction Company, the contractor, from any liability for indemnity. 714 S.W.2d 51. We affirm the judgment of the court of appeals and adopt the express negligence test for determining whether the parties to an indemnity contract intend to exculpate the indemnitee from the consequences of its own negligence.

Donald Metcalf was employed by Daniel which was performing construction on Ethyl's premises. The contract between Ethyl and Daniel provided for the construction of tie-in lines carrying aluminum alkyls, a highly volatile and inflammable substance. The lines connected an existing facility with a newly constructed facility. The con-

tract provided that Ethyl would purge the existing lines of alkyls prior to the tie-in. As an added protection, all valve handles were to be removed from the existing lines so as to prevent an accidental opening of the lines. Removal of the valve handles was the contractual duty of Daniel.

The incident made the basis of this suit arose from Ethyl's failure to purge the existing lines and Daniel's failure to remove the valve handles. As a result, Metcalf was seriously burned when alkyls escaped and ignited.

After settling his claim for worker's compensation benefits, Metcalf sued Ethyl who in turn sued Daniel seeking indemnity. The jury found Ethyl negligent in failing to purge the existing lines and in failing to provide Metcalf with a safe place to work. The jury also found Daniel negligent in failing to remove the valve handles. The jury apportioned the negligence 90% to Ethyl and 10% to Daniel. The contract between Ethyl and Daniel contained the following indemnity provision:

> Contractor shall indemnify and hold Owner harmless against any loss or damage to persons or property as a result of operations growing out of the performance of this contract and caused by the negligence or carelessness of Contractor, Contractor's employees, Subcontractors, and agents or licensees.

In reversing the trial court, the court of appeals found the above quoted indemnity provision did not clearly and unequivocally require Daniel to indemnify Ethyl for Ethyl's own negligence or for the parties' concurrent negligence. Ethyl attacks the judgment of the court of appeals in two ways: (1) it contends the negligence attributed to it is derivative of Daniel's negligence so that indemnity is not barred, and (2) it argues that the contract meets the clear and unequivocal test.

■ First, Ethyl relies on *Barnes v. Lone Star Steel Co.*, 642 F.2d 993 (5th Cir.1981). Specifically, Ethyl relies on that portion of *Barnes* which states in order to deny indemnity, an indemnitor must show the injury or damage was caused, at least in part, by some negligence of the indemnitee other than that derived from the indemnitor's negligence. Ethyl argues its own negligence in failing to purge the lines was derivative of Daniel's negligence in not removing the valve handles. We hold Ethyl's negligence is not solely derivative of Daniel's failure to remove the valve handles; therefore, the *Barnes* case is inapplicable. Also, our adoption of the express negligence test necessarily rejects the reasoning of *Barnes*.

Ethyl's second contention is that the indemnity agreement meets the "clear and unequivocal" test expressed by this court in *Joe Adams & Son v. McCann Construction Co.*, 475 S.W.2d 721 (Tex.1971) and followed in *Sira & Payne, Inc. v. Wallace & Riddle*, 484 S.W.2d 559 (Tex.1972) and *Eastman Kodak Co. v. Exxon Corp.*, 603 S.W.2d 208 (Tex.1980). That test is whether the contract between the parties expresses in clear and unequivocal language the intent of the indemnitor to indemnify the indemnitee against the consequences of the indemnitee's own negligence whether such negligence was the sole proximate cause of the injury or a proximate cause jointly and concurrently with the indemnitor's negligence. *Sira & Payne*, 484 S.W.2d at 561.

An examination of cases from this court reveals its trend toward more strict construction of indemnity contracts. In prior cases we recognized that Texas has come as close as possible to adopting the express negligence doctrine without doing so. *Eastman Kodak Co. v. Exxon Corp.*, 603 S.W.2d 208, 211 (Tex.1980); *Goodyear Tire & Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916, 920 (Tex.1978); *Fireman's Fund Ins. Co. v. Commercial Standard Ins. Co.*, 490 S.W.2d 818, 822 (Tex. 1972).

■ As we have moved closer to the express negligence doctrine, the scriveners of indemnity agreements have devised novel ways of writing provisions which fail to expressly state the true intent of those provisions. The intent of the scriveners is to indemnify the indemnitee for its negligence, yet be just ambiguous enough to

conceal that intent from the indemnitor. The result has been a plethora of law suits to construe those ambiguous contracts. We hold the better policy is to cut through the ambiguity of those provisions and adopt the express negligence doctrine.

The express negligence doctrine provides that parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms. Under the doctrine of express negligence, the intent of the parties must be specifically stated within the four corners of the contract. We now reject the clear and unequivocal test in favor of the express negligence doctrine. In so doing, we overrule those portions of *Joe Adams & Son v. McCann Construction Co.*, *Ohio Oil Co. v. Smith*, and *Mitchell's, Inc. v. Friedman* stating it is unnecessary for the parties to say, "in so many words," they intend to indemnify the indemnitee from liability for its own negligence. *Joe Adams & Son v. McCann Construction Co.*, 475 S.W.2d 721, 723 (Tex.1971); *Ohio Oil Co. v. Smith*, 365 S.W.2d 621, 624 (Tex. 1963); *Mitchell's, Inc. v. Friedman*, 157 Tex. 424, 303 S.W.2d 775, 779 (1957).

In adopting express negligence, we also overrule the three so-called exceptions to the clear and unequivocal test. *See Fireman's Fund*, 490 S.W.2d at 922. These exceptions were: (1) agreements in which the indemnitor undertakes to indemnify the indemnitee against liability for damages caused by defects in certain premises or from maintenance or operation of a specified instrumentality, *Mitchell's, Inc.*, 303 S.W.2d 775; *Houston & T.C.R. Co. v. Diamond Press Brick Co.*, 111 Tex. 18, 222 S.W. 204 (1920); (2) agreements made pursuant to situations where the indemnitor has complete supervision over the property and employees of the indemnitee in connection with performance of the contract, *Spence & Howe Construction Co. v. Gulf Oil Corp.*, 365 S.W.2d 631, 637–38 (Tex. 1963); and (3) agreements in which the indemnitor agrees to indemnify the indemnitee for all injuries sustained by the indemnitor's employees, *Ohio Oil Co.*, 365 S.W.2d 621; *James Stewart & Co. v. Mobley*, 282 S.W.2d 290 (Tex.Civ.App.—Dallas

1955, writ ref'd). Previously, the exceptions were invoked by parties whose indemnity agreements failed to clearly and unequivocally express their intent. *See, e.g., Dorchester Gas Corp. v. American Petrofina, Inc.*, 710 S.W.2d 541, 543 (Tex.1986). All three exceptions are dispensed with by our adoption of the express negligence doctrine.

■ The contract between Daniel and Ethyl speaks to "any loss ... as a result of operations growing out of the performance of this contract and caused by the negligence or carelessness of Contractor...." Ethyl emphasizes the "any loss" and "as a result of operations" language to argue an intent to cover its own negligence. We do not find such meaning in those words. The indemnity provision in question fails to meet the express negligence test.

■ Ethyl next contends it is entitled to comparative indemnity to the extent of Daniel's negligence which the jury found to be 10%. However, the contract in question contains no provision for contractual comparative indemnity. Indemnitees seeking indemnity for the consequences of their own negligence which proximately causes injury jointly and concurrently with the indemnitor's negligence must also meet the express negligence test. Because the contract in question does not meet that test, Ethyl is relegated to arguing for comparative indemnity under the common law. Common law indemnity shifts the entire burden of loss from one party to another. In Texas, there exists no right to indemnity on a comparative basis under the common law. Further, in *B & B Auto Supply, Sand Pit, and Trucking Co. v. Central Freight Lines, Inc.*, 603 S.W.2d 814 (Tex. 1980), we held a common law right of indemnity no longer exists in Texas except in certain limited instances which are not applicable here. Common law indemnity was abrogated by the passage of the comparative negligence statute, TEX. REV. CIV. STAT. ANN. art. 2212a, now codified at TEX. CIV. PRAC. & REM. CODE §§ 33.-001 *et seq.* (Vernon 1986). Parties may contract for comparative indemnity so long

as they comply with the express negligence doctrine set out herein.

For the above reasons, the judgment of the court of appeals is affirmed.