**JOBS BUILDING SERVICES, INC., Appellant,**

v.

**ROM, INC., Appellee.**

**No. 01–91–00828–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 19, 1992.

Rehearing Denied Feb. 11, 1993.

George S. McCall, Tamar L. Meeks, Kern & Wooley, Irving, for appellant.

Bruce G. Gaible, Susan C. Stevenson, Hays, McConn, Price & Pickering, P.C., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

This Court is asked to decide if the trial court erred in granting the appellee's motion for partial summary judgment ordering the appellant take nothing on all its claims for indemnity. After the partial summary judgment, the plaintiffs settled with the defendants, and the partial summary judgment became final. We partially affirm the partial summary judgment, and partially reverse and remand.

### Fact summary

This is a consolidated personal injury and wrongful death action resulting from the fall of a window washing scaffold from the thirty-second story of the Pennzoil North Tower in downtown Houston. The plaintiffs sued a number of defendants, including Jobs Building Services, Inc., the contractor, which had contracted to perform the maintenance service work on the building; and Rom, Inc., the subcontractor, which had subcontracted with the contractor to perform the window washing services on the building. The plaintiffs sued the contractor and the subcontractor under the theories of negligence and gross negligence.

The contractor filed a cross-action against the subcontractor, alleging that the subcontractor was negligent. In the cross-action, the contractor plead a number of theories of indemnity and contribution: contractual indemnity, based on the indemnification provision in the subcontract; contractual indemnity, implied and in fact; statutory and common-law comparative negligence; comparative responsibility; common-law and statutory contribution remedies; vicarious liability indemnity; and indemnity of an innocent conduit in a marketing chain.

The subcontractor responded to the cross-action with a motion for partial summary judgment on the following grounds: (1) under the provisions of the subcontract, the contractor was not entitled to contractual indemnity for the contractor's sole or concurrent negligence; and (2) the contractor was not entitled to common-law indemnity because its right of contribution was governed by *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984) or by the comparative negligence statute, Tex.Civ. Prac. & Rem.Code § 33.001 et seq. (Vernon 1986).

The contractor filed a response to the subcontractor's motion for summary judgment. In it, the contractor contended it had two grounds to support its cross-action for common-law and contractual indemnity against the subcontractor: (1) the contractor argued the indemnity provision in its

subcontract with the subcontractor satisfied the express negligence test of *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex.1987); and (2) the contractor argued that it was entitled to common-law indemnity because of the vicarious liability of the principal-agent or employer-employee relationship.

The trial court granted the subcontractor's motion for partial summary judgment on all grounds stated in the motion. Thus, the trial court ruled that, as a matter of law, (1) under the provisions of the subcontract, the contractor was not entitled to contractual indemnity for the contractor's sole or concurrent negligence; and (2) the contractor was not entitled to common law indemnity. The partial summary judgment, however, also contained the following language: that the contractor "take nothing as to *any and all claims for common law or contractual indemnity as plead in the cross-action* against the subcontractor." The effect of the last sentence was that the court ruled that the contractor was not entitled to any indemnity, not even indemnity for the subcontractor's negligence. Thus, the trial court's order granted more relief than requested by the subcontractor's motion.

Nine months later, the trial court entered a judgment in accordance with the parties' settlement agreement. In the settlement agreement, Joseph Lee Perry, as next friend of Joshua Evan Perry, a minor, recovered judgment against the contractor for $1,000,000, and the minor's guardian ad litem recovered $15,000 from the contractor for his representation of the minor. The other plaintiffs were ordered to take nothing from the defendants. Once the judgment was entered on the settlement, the partial summary judgment became final and appealable.

In its sole point of error, the contractor contends the trial court erred in granting the subcontractor's motion for partial summary judgment ordering the contractor take nothing on its claims for contractual indemnity. This point raises two questions: Was the contractor entitled to contractual indemnity for its own negligence? Was the contractor entitled to indemnity for the negligence of the subcontractor?

### Indemnity for the subcontractor's negligence

■ Because the trial court did not state the reasons for granting the summary judgment in its order, we will affirm the summary judgment if any of the theories advanced in the motion for summary judgment have merit. *Insurance Co. of N. Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ). Thus, it is the motion for summary judgment that controls the reasons to affirm the judgment.

■ Rule 166a requires the motion for summary judgment state "the specific grounds therefor." TEX.R.CIV.P. 166a. On appeal, we will not affirm a summary judgment on a ground not included in the motion for summary judgment. *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex. 1992); *see also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675–77 (Tex.1979); *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 286 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

The subcontractor's motion for partial summary judgment did not raise the issue that the contractor was not entitled to *any* indemnity; it merely raised the issue that the contractor was not entitled to indemnity for its own negligence. Consequently, the issue of the contractor's right to indemnification from the subcontractor for the subcontractor's negligence was not before the trial court.

We hold that the trial court was not entitled to render a summary judgment on an issue not presented in the motion for summary judgment. We partially reverse the partial summary judgment on the issue of the subcontractor's indemnification of the contractor for the subcontractor's negligence.

### Indemnity for the contractor's own negligence

■ The only ground on which we could affirm the summary judgment is the one in the motion for summary judgment, regarding the contractor's indemnity for the contractor's own negligence. To decide if the

indemnification provision requires the subcontractor to indemnify the contractor for the contractor's own negligence, we look to the express negligence rule as stated in *Ethyl Corp. v. Daniel Construction. Co.,* 725 S.W.2d 705, 707 (Tex.1987). In *Ethyl Corp.,* the Supreme Court adopted the express negligence rule, which provides that when parties seek to indemnify one of the parties from the consequences of that party's own negligence, the agreement must express that intent in specific terms. *Id.* at 708. Under that doctrine, the intent of the parties must be specifically stated within the four corners of the contract. The indemnification agreement in *Ethyl Corp.* provided that the contractor was to indemnify the owner for "any loss … as a result of operations growing out of the performance of this contract and caused by the negligence or carelessness of Contractor." The court held that statement of indemnification was not sufficiently specific to meet the express negligence test, and the owner was not entitled to indemnification for its own negligence.

 Here, the contractor claims it is entitled to indemnification for its own negligence from the subcontractor by the underlined language in the indemnification agreement:

> The Subcontractor agrees to indemnify and hold harmless the Contractor and the Contractor's directors, officers, shareholders, agents and employees, from and against all claims, damages, losses and expenses, including reasonable attorneys' fees, arising out of or in any manner related to the performance of the work hereunder. Without limiting the generality of the foregoing sentence, Contractor shall be indemnified for: (i) bodily injury, illness or death of any person; (ii) property damage, including loss of use, and (iii) consequential damages or any nature; *which … damage is caused by the Subcontractor's negligent* act or omission or by the negligent act or omission of anyone employed by the Subcontractor *or for whose acts the Contractor* or the Subcontractor *may be liable* or for which the subcontractor is liable or responsible.

We disagree. The language the contractor claims entitled it to indemnification for its own negligence does not express that intent in specific terms. *Ethyl Corp.,* 725 S.W.2d at 708. The indemnification agreement here is less specific than the one the court found wanting in *Ethyl Corp.*

We hold that the indemnification agreement was not specific enough to indemnify the contractor for its own negligence. We affirm that part of the partial summary judgment.