David **MARTINEZ,** Raymond Hernandez, Individually and as Representative of the Estate of Daniel Hernandez, and Clarence Thompson, Sr., Appellant,

v.

**GULF STATES UTILITY COMPANY, Appellee.**

No. A14–93–00133–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 4, 1993.

Rehearing Denied Nov. 24, 1993.

Jerry A. Pusch, Robert J. Binstock, Shari A. Wright, Houston, for appellant.

Jack C. Brock, George W. Vie, III, Kenneth Tekell, Houston, for appellee.

Before ELLIS and LEE, JJ., and ROBERT E. MORSE, Jr., Former Justice, sitting by designation.

## OPINION

ROBERT E. MORSE, Jr., Former Justice, sitting by designation.

This is an appeal from a summary judgment granted because the trial court found appellee was indemnified from any recovery by appellant as a result of a circuit created by statute and by contract. We agree with the trial court and affirm.

Pamela Mendez, the executrix of the estate of Clarence Thompson, Jr., asked Clarence Thompson, Sr., David Martinez, and Daniel Hernandez to repair a water well on land owned by the estate. While using a long pipe, they accidentally touched a high voltage wire killing Daniel Hernandez and injuring Clarence Thompson, Sr. and David Martinez. Clarence Thompson, Sr., David Martinez, and Raymond Hernandez, individually and as representative of the estate of Daniel Hernandez, (appellants) sued the estate of Clarence Thompson, Jr. (the estate), Pamela Mendez, and Gulf States Utility Company. Gulf States filed a cross-action against Mendez and the estate for indemnity based on section 752.008 of the Texas Health and Safety Code.

The Health and Safety Code prohibits work within six feet of a high voltage overhead line unless the operator of the line is given notice at least forty-eight hours before the work begins. TEX.HEALTH & SAFETY CODE ANN. §§ 752.003–.004 (Vernon 1992). In addition, a person may not begin work near the high voltage line until she has reached a satisfactory mutual arrangement with the operator of the line to provide temporary de-energization and grounding, temporary relocation or raising of the line, or temporary mechanical barriers to prevent contact between the line and the equipment of the persons performing the work. *Id.* § 752.003(b). The "person ... responsible" for the work that violates the provisions of the code must indemnify the operator of the line for all liability incurred as a result of the contact with the high voltage line. *Id.* §§ 752.003, 752.008. It is uncontested that Mendez, on behalf of the estate, was the "person ... responsible" for the work.

During the pendency of the suit, appellants settled with the estate and Mendez for $100,-000. As part of the settlement, appellants released the estate and Mendez for "for any and all claims, demands ... and causes of action ..., whether in contract or in tort ... for and on account of injuries sustained." In addition, the agreement stated the appellants "specifically intend to release THE ESTATE OF CLARENCE THOMPSON, JR., PAMELA ELAINE THOMPSON MENDEZ ... from any liability for any cross actions seeking contribution and indemnity" as well as "any claims made by cross plaintiffs, intervenors and/or lien holders against defendants

arising out of the facts made the basis of this suit."

Gulf States Utility Company (appellee) moved for a summary judgment against appellants based on the circuitous indemnity created by the contractual and the statutory indemnification. Appellee contended that the suit against it was extinguished because anything that would be paid by them could be recovered, by statute, from Mendez and the estate which, in turn, could recover from appellants by contract. The trial court granted the summary judgment motion.

Appellants raise three points of error. Appellants argue: first, that the Health and Safety Code provisions do not apply because appellee did not obtain an easement on the property owned by the estate; second, summary judgment was improper because there is a fact question as to whether Mendez was excused from compliance with the statute; and third, the circuit of indemnity was destroyed because the contractual release did not explicitly indemnify Mendez for her own negligence.

■ Appellants first argue that the Health and Safety Code is inapplicable because appellee was a trespasser. According to the deed records, appellee did not have a recorded easement on the property although it did have recorded easements on adjoining property. Appellants claim that in order for appellee to be entitled to statutory indemnity, it must be lawfully on the land where the power line is located. Appellants cite no authority supporting this construction of chapter 752 of the Health and Safety Code.

We do not agree with appellants' interpretation of the Health and Safety Code. The legislature enacted chapter 752 to insure the safety of persons engaged in activities near such lines. *See Ringo v. Gulf States Utilities Co.*, 569 S.W.2d 31, 35 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.) (citing the uncodified predecessor of chapter 752). Chapter 752 fulfills this intent by requiring "persons ... responsible" for work near high voltage lines not only to give notice to the utility company, but also to make arrangements to comply with minimum precautionary measures. *See* TEX.HEALTH & SAFETY CODE ANN. §§ 752.003 (Vernon 1992). To hold that the

enforcement of chapter 752 is subject to the legality of the presence of the power lines on the land would defeat the intent of the legislature. The appellants' first point of error is overruled.

In their second point of error, appellants argue summary judgment was improper because there is a question of fact as to the existence of an excuse for Mendez's compliance with chapter 752. Appellants contend Mendez's violation of chapter 752 was negligence per se. As such, she may be relieved of tort liability for noncompliance if she had a legally acceptable excuse. *See Impson v. Structural Metals, Inc.*, 487 S.W.2d 694, 696 (Tex.1972). Appellants assert the circuit of indemnity is broken if her excuse is determined to be valid. This determination, appellants argue, is a fact question for the jury and therefore summary judgment was improper.

■ Negligence per se is a tort concept whereby the civil courts adopt a legislatively imposed standard of care to define the conduct of a reasonable, prudent person. *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex.1978). A defendant may be excused for a negligence per se tort violation if a legally acceptable excuse exists. *Impson*, 487 S.W.2d at 696. Excuses approved by the Supreme Court of Texas are: incapacity of the actor; no knowledge of occasion for compliance; inability to comply after reasonable diligence; emergency; and compliance would involve a greater risk of harm. *Id.*, at 296–97.

Appellants claim that Mendez had no knowledge of the existence of the power line because it was hidden by trees. She was, therefore, physically unable to comply with chapter 752. In addition, appellants claim Mendez could not be charged with constructive notice of the power lines because an easement was not filed. This possibility of a legally acceptable excuse supposedly raises a fact question for the jury and therefore the summary judgment should be reversed. Appellants' assertion rests on the assumption that a valid excuse to a negligence per se tort action will also excuse the ramifications for noncompliance provided in chapter 752 of the Health and Safety Code.

We do not believe this is a correct assumption with regard to the indemnity provision of chapter 752 of the Health and Safety code. *See* Tex.Health & Safety Code Ann. § 752.-008 (Vernon 1992). In *Impson,* the Supreme Court incorporated the legally acceptable excuses of section 288A of the Restatement of Torts, Second (1965), for negligence per se actions. *See Impson,* 487 S.W.2d at 696. The comments to section 288A recognize that there are instances in which conduct could be excused for the purpose of a negligence action but not for the penal consequences provided by the statute. Restatement (Second) of Torts § 288A cmt. b (1965). In addition, a statute may prohibit an act or omission irrespective of whether the actor had an excuse. *Id.* cmt. c. The extent to which excuses will be recognized is in large part a matter of the type of statute and the purpose for which it was enacted. *Id.* cmt. d.

■ The Supreme Court has held that visual obstruction of a dangerous highway intersection location by trees is no evidence of any legally acceptable excuse or justification for the violation of a traffic statute. *See Impson,* 487 S.W.2d at 697. In addition, we do not believe the legislature intended the indemnification of the utility company to be subject to an excused violation of the notification provision of chapter 752. As previously discussed, the purpose of the notice requirement of chapter 752 is to insure the safety of persons working near lines by requiring minimum safety precautions. *See Houston Lighting & Power Co. v. Eller Outdoor Advertising Company of Texas,* 635 S.W.2d 133, 135 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). The purpose of the indemnification provision of chapter 752 is to place the liability for losses resulting from noncompliance with the notification and safety provisions on the "person ... responsible" for having workers near the line. *See* Tex. Health & Safety Code Ann. § 752.008 (Vernon 1992). We hold an excuse will not affect the indemnification rights of an owner or operator of the line because it would defeat the legislature's apportionment of the loss for accidents of this nature. *See* Tex.Health & Safety Code Ann. § 752.008 (Vernon 1992). We will not decide whether an excuse would be available to the "person ... responsible"

in a tort action for violation of chapter 752 or whether the appellants' proffered excuse would be legally acceptable, because it is not necessary for the determination of this case. Appellants' second point of error is overruled.

In their third point of error, appellants argue that the circuit of indemnity cannot exist under the facts of this case. Appellants contend that Mendez's violation of chapter 752 was negligent. This negligence precludes Mendez and the estate from recovering by the contractual release because the agreement does not expressly provide indemnification for Mendez's own negligence as required by the Supreme court in *Ethyl Corp. v. Daniel Const. Co.,* 725 S.W.2d 705 (Tex.1987). Appellants, therefore, contend the circuit of indemnity is broken, thereby making the summary judgment improper.

■ In *Ethyl,* the Supreme Court adopted the express negligence doctrine for construing indemnity agreements. *Ethyl,* 725 S.W.2d at 708. The express negligence doctrine requires that parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms. *Id.* "The purpose of the express negligence doctrine is to avoid surprise to the indemnitor by forcing parties to avoid deliberately vague language that a court might later find to impose crushing liability." *Const. Inv. & Cons. v. Dresser Ind.,* 776 S.W.2d 790, 793 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Prior to the adoption of the express negligence doctrine, scriveners would draft contracts with the intent of indemnifying the indemnitee for its negligence, but would be just ambiguous enough to conceal that intent from the indemnitor. *Ethyl,* 725 S.W.2d at 707–08.

■ We believe the express negligence doctrine is not applicable to our case because the appellants cannot claim to be surprised by the cross-claim of the appellee. The contract indemnifies Mendez and the estate from all claims that have accrued as a result of the accident. The release explicitly contemplates cross-actions seeking indemnity. This situation is not like the one contemplated in *Ethyl* because the liability is certain.

*See Const. Inv. & Cons. v. Dresser Ind.,* 776 S.W.2d 790, 793 (Tex.App.—Houston [1st Dist.] 1989, writ denied). The cause of the liability in our case is the accident in which the appellants were injured. The agreement in *Ethyl* provided indemnification for indefinite future liability. *Ethyl,* 725 S.W.2d at 707. Appellants' third point of error is overruled.

The judgment of the trial court is affirmed.