**DDD ENERGY, INC., Appellant,**

v.

**VERITAS DGC LAND, INC., Appellee.**

**No. 14–99–01176–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 25, 2001.

---

Thomas C. Wright, Geoffrey H. Bracken, Cynthia R. Levin Moulton, Jeffrey D. Meyer, Houston, for appellants.

Curtis Collette, R. Russell Hollenbeck, Houston, for appellees.

Panel consists of Justices ANDERSON, WITTIG, and SEYMORE.

## CORRECTED OPINION

JOHN S. ANDERSON, Justice.

This is an appeal from a summary judgment in favor of appellee, Veritas DGC Land, Inc. ("Veritas"). Appellant, DDD Energy, Inc.("DDD"), sued Veritas seeking a declaratory judgment that Veritas is obligated to defend and indemnify DDD, pursuant to a contract between them, from third party claims made against DDD. The judgment below granted judgment for Veritas as to all the third party claims against DDD because the indemnity clause relied on by DDD is not enforceable. We affirm in part and reverse in part.

## Background

Michael L. Vickers ("Landowner") entered into an oil and gas lease agreement with Playa Exploration, Inc. Playa assigned undivided interests in the oil and gas lease to King Ranch Oil and Gas, Inc., TGX Corporation, and DDD. Thereafter, DDD entered into an agreement for geophysical services with Veritas, who was to conduct field geophysical surveys and related services on Vicker's land. The indemnity provisions in the geophysical services agreement between DDD and Veritas provide in part:

**Section V–Operations:**

Veritas shall indemnify, defend, ... [DDD] for all claims, damages, causes of actions, and liabilities resulting from Veritas' failure to conduct seismic operations in an orderly and workmanlike manner....

**Section X–Liability Indemnity:**

Veritas shall protect, indemnify, defend and save [DDD], ... harmless from and against all claims, ... and causes of actions ... asserted by third parties on account of ... damage to property of such third parties, which ... damage is the result of the negligent act or omis-

sion, breach of this Basic Agreement or the Supplemental Agreement, or willful misconduct of Veritas.... Likewise, [DDD] shall protect, indemnify, defend and save Veritas, ... harmless from and against all claims, ... causes of action ... asserted by third parties on account of ... damage to property of such third parties, which ... damage is the result of the negligent act or omission of willful misconduct of [DDD] ...

This agreement provides that Veritas shall indemnify DDD for the negligent acts of Veritas, and DDD shall indemnify Veritas for the negligent acts of DDD. It does not provide that Veritas shall indemnify DDD for DDD's own negligence.

Veritas subontracted Brush Cutters to conduct brush clearing operations on Landowner's property. After discovering damage to his property, including the destruction of numerous oak and mesquite trees, Landowner filed suit against DDD, in Brooks County for (1) breach of duty to manage and administer the lease, (2) breach of contract, (3) negligence, (4) malicious trespass, (5) negligent misrepresentation, (6) breach of fiduciary duty, (7) gross negligence, and (8) intentional tort. DDD brought suit against Veritas in Harris County seeking a declaratory judgment that Veritas is obligated to defend and indemnify DDD, under the terms of the parties' agreement, against claims based on damage to Landowner caused by Veritas' negligence. Both parties filed motions for summary judgment. DDD sought partial summary judgment declaring Veritas is required to defend and indemnify DDD from the claims asserted in the Brooks County law suit. Veritas' motion for summary judgment asserted three bases: DDD's breach of contract claim does not present a justiciable issue; the indemnity provision relied on by DDD is unenforceable as a matter of law; and

Veritas is not liable for damage caused by its subcontractor. The trial court granted Veritas' motion only on the basis the indemnity clause was unenforceable, and denied the other two grounds brought by Veritas. On appeal, DDD contends the trial court incorrectly held the indemnity clause is unenforceable and asserts three separate arguments: the express negligence rule does not govern this case because only Veritas was negligent; the fair notice requirements are not applicable here because Veritas had actual notice of the indemnity provision; and, even if the express negligence rule is applicable, it does not bar DDD's request for indemnification as to the non-negligence claims asserted by Landowner against DDD. No appellate issue is brought by DDD regarding its partial motion for summary judgment.

## Standard of Review

 When reviewing a summary judgment, we follow these well established rules: (1) the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in favor of the nonmovant. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). This court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Howard v. INA County Mut. Ins. Co.*, 933 S.W.2d 212, 216 (Tex.App.—Dallas 1996, writ denied). Summary judgment for a defendant is proper only when the defendant negates at least one element of each of the plaintiff's theories of recovery, or pleads and conclusively establishes each

element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

## I.

## Express Negligence Doctrine

 The only ground upon which the trial court granted summary judgment for Veritas was Veritas' assertion that the indemnity clause asserted by DDD did not meet the express negligence test. Risk shifting clauses must satisfy two fair notice requirements: the express negligence doctrine and the conspicuousness requirement. *Littlefield v. Schaefer*, 955 S.W.2d 272, 274 (Tex.1997). Under the express negligence doctrine, a party contracting for indemnity from the consequences of its own negligence must express that intent in specific terms within the four corners of the contract. *Fisk Elec. Co. v. Constructors & Assoc., Inc.*, 888 S.W.2d 813, 814 (Tex.1994). The express negligence test was established by the supreme court to cut through the ambiguity of indemnity provisions, thereby reducing the need for satellite litigation regarding interpretation of indemnity clauses. *Id.* (citing *Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705, 708 (Tex.1987)). Parties seeking to indemnify themselves for their own negligence must express that intent in specific terms. *Id.* Indemnity provisions that do not state the intent of the parties within the four corners of the instrument are unenforceable as a matter of law. *Id.* The express negligence requirement is not an affirmative defense, but a rule of contract interpretation which is determinable as a matter of law. *Id.* Either an indemnity provision is clear and enforceable, or it is not. *Id.* at 815. Such a determination should not depend on the outcome of the underlying suit, but should be established as a matter of law from the pleadings. *Id.*

Thus, application of the express negligence test is proper at the summary judgment stage. *MAN GHH Logistics GMBH v. Emscor, Inc.*, 858 S.W.2d 41, 43 (Tex. App.—Houston [14th Dist.] 1993, no writ).

Veritas, as the summary judgment movant, had the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. To that end, Veritas' summary judgment motion argued the indemnity clause in the contract between DDD and Veritas supporting DDD's petition does not meet the express negligence test articulated in *Ethyl*. More specifically, Veritas contends the indemnity clause does not contain language indemnifying DDD from its own negligence as against a third party claim. We agree.

As noted above, the indemnity clause in question performs two functions: it provides that Veritas shall indemnify DDD for the negligent acts of Veritas, and that DDD shall indemnify Veritas for the negligent acts of DDD. There is no hint in the paragraph that DDD is to be indemnified for DDD's own negligence. The Landowner's suit against DDD in Brooks County, which triggered DDD's suit in Harris County, states several negligence based claims against DDD. By filing a suit against Veritas seeking a declaratory judgment that Veritas was obligated to defend and indemnify DDD against the claims in the Landowner's suit against DDD, DDD was requesting indemnification for its own negligence, thereby directly implicating the express negligence test.

In *Fisk*, Fisk Electric Company entered into a contract with Constructors and Associates. 888 S.W.2d at 814. The contract contained an indemnity clause that provided: "[t]o the fullest extent permitted by law, [Fisk] shall indemnify, hold harmless, and defend [Constructors] ... from and against all claims, damages, losses, and expenses, including but not limited to attorney's fees" arising out of or resulting from the performance of Fisk's work. *Id.* An employee of Fisk was injured on the job site and brought a negligence action against Constructors. *Id.* Constructors brought a third party cause of action against Fisk seeking indemnification to the fullest extent allowable. The court held Fisk had no duty to indemnify Constructors, and therefore had no duty to pay attorney's fees. *Id.* at 815. There, as here, the indemnification agreement did not express, within the four corners of the contract, the intent that the indemnitee will be indemnified from the consequences of its own negligence. Either the indemnity agreement is clear and enforceable or it is not. DDD is seeking indemnification against the Landowner's claims DDD was negligent, but the indemnity clause upon which it relies does not so provide. Accordingly, it fails the express negligence test, and we need not reach the conspicuousness component of the fair notice requirements. *See Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex.1993).

## II.

### Actual Knowledge

Footnote 2 in *Dresser* sets out an exception to the fair notice requirements. The text of that footnote is as follows:

The fair notice requirements are not applicable when the indemnitee establishes that the indemnitor possessed actual notice or knowledge of the indemnity agreement.

*Id.* at 508 n. 2.

DDD contends, in its brief, the summary judgment evidence indisputably establishes DDD and Veritas specifically negotiated several terms of the agreement, including the risk allocation and indemnity provi-

sions. This evidence of actual notice is of no moment here. We have noted the indemnity clause does not shift the responsibility for a party's negligence to another party that was not negligent. Therefore, DDD cannot, under the contract, require Veritas to defend and indemnify DDD against the negligence based claims made against DDD in the Landowner's suit against DDD. *A fortiori*, the fact that Veritas had actual notice of the indemnity and risk allocation provisions of the agreement cannot create a risk shifting provision where none exists. Accordingly, DDD's summary judgment proof regarding actual notice establishes a fact, but not a fact issue vitiating the summary judgment.

### III.

### Indemnification for Claims Not Based on Negligence

 DDD contends that because the Brooks County lawsuit brought against DDD contains non-negligence claims, the express negligence rule should not apply to those claims. We agree.

In *Dresser*, the court stated: "[i]t is important to note that our discussion today is limited solely to those types of releases which relieve a party in advance of liability for its own *negligence*." 853 S.W.2d at 507 (emphasis added). In a footnote to that sentence, the court added the following: "[t]oday's opinion applies the fair notice requirements to indemnity agreements and releases only when such exculpatory agreements are utilized to relieve a party of liability for its own negligence in advance." *Id.* at 508 n. 2. Some of the claims brought by the Landowner against DDD are not negligence based claims. Applying the limitation on the rule as set out in *Dresser*, the express negligence component of the fair notice requirements does not apply where an indemnitee is seeking indemnification from claims not based on the

negligence of the indemnitee. Accordingly, we sustain DDD's third challenge to the motion for summary judgment.

### Conclusion

We affirm the trial court's judgment insofar as it grants summary judgment for Veritas on the ground it is not required to defend and indemnify DDD against third party claims based on DDD's negligence. We reverse the judgment and remand this matter for further proceedings regarding Veritas' obligations under the indemnity provision to defend and indemnify DDD against third party claims not based on DDD's negligence.