**AMERICAN HOME SHIELD COR-PORATION and American Home Shield of Texas, Inc., Appellants,**

v.

**Stephen LAHORGUE d/b/a Turn-Key Pool & Spa, Appellee.**

No. 05–04–01540–CV.

Court of Appeals of Texas, Dallas.

Aug. 3, 2006.

John Sepehri, Harrison H. Yoss, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, for appellants.

James J. Manchee, Dallas, and Carlos A. Balido, Gregory R. Ave, Walters, Balido & Crain, LLP, Dallas, for appellee.

Before Justices WRIGHT, MOSELEY, and O'NEILL.

## OPINION

Opinion by Justice MOSELEY.

In this case we determine whether a contractual indemnity clause is enforceable under the fair notice requirements for such agreements. American Home Shield Corporation and American Home Shield of Texas, Inc. (American Home) sought contractual indemnity from Stephen Lahorgue d/b/a Turn–Key Pool & Spa (Turn–Key) in a personal injury suit. Both parties filed motions for summary judgment and the trial court found that the indemnity provision failed to meet both requirements of fair notice: conspicuousness and the express negligence doctrine. The trial court granted Turn–Key's motion and denied American Home's.

American Home raises seven issues on appeal. In its first two issues, American Home contends the trial court erred in granting Turn–Key's motion for summary judgment because the indemnity provision satisfied the fair notice requirements and, alternatively, the record shows Turn–Key had actual notice or knowledge of the indemnity provision. In its next five issues, American Home challenges the trial court's denial of its motion for summary judgment seeking to enforce the indemnity provision.

We conclude the indemnity provision was not conspicuous and that American Home failed to raise a question of fact as to the actual knowledge exception to the

fair notice requirements. We affirm the trial court's judgment.

## BACKGROUND

This dispute arises out of the explosion of a spa heater that had been serviced by Turn–Key under a servicing agreement with American Home. The injured spa owner sued both American Home and Turn–Key for personal injuries. American Home filed a cross-claim against Turn–Key for contractual indemnity under the terms of the servicing agreement. After settling the underlying personal injury suit, American Home moved for summary judgment against Turn–Key on its indemnity claim. Turn–Key responded and filed a cross-motion for summary judgment on the grounds that the indemnity provision did not satisfy the fair notice requirements for indemnity agreements. American Home filed a response arguing that the indemnity provision did meet the fair notice requirements and that Turn–Key had actual notice or knowledge of the provision, an exception to the fair notice requirements. The trial court denied American Home's motion and granted Turn–Key's cross-motion on the grounds that the indemnity provision failed both the conspicuousness requirement and the express negligence test and did not provide fair notice.

## STANDARD OF REVIEW

The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, precluding summary

judgment, evidence favorable to the non-movant will be taken as true. *Nixon,* 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356 (Tex.2000). We review the summary judgment evidence presented by both parties and determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered, or remand if neither party has met its summary judgment burden. *Id.; Al's Formal Wear of Houston, Inc. v. Sun,* 869 S.W.2d 442, 444 (Tex.App.-Houston [1st Dist.] 1993, writ denied). If the party opposing a motion for summary judgment relies on an affirmative defense, it must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Birenbaum v. Option Care, Inc.,* 971 S.W.2d 497, 504 (Tex.App.-Dallas 1997, no pet.).

### APPLICABLE LAW

■ Because indemnity provisions seek to shift the risk of one party's future negligence to the other party, Texas imposes a fair notice requirement before enforcing such agreements. *Dresser Indus., Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex.1993). The fair notice requirements are the express negligence doctrine and the conspicuousness requirement. *Storage & Processors, Inc. v. Reyes,* 134 S.W.3d 190, 192 (Tex.2004). Under the express negligence doctrine, an intent to indemnify one of the parties from the consequences of its own negligence,

"must be specifically stated in the four corners of the document." *Id.* (quoting *Ethyl Corp. v. Daniel Constr. Co.,* 725 S.W.2d 705, 707 (Tex.1987)). The conspicuousness requirement mandates that "something must appear on the face of the [contract] to attract the attention of a reasonable person when he looks at it." *Id.* (quoting *Dresser,* 853 S.W.2d at 508). Language is conspicuous if it appears in larger type, contrasting colors, or otherwise calls attention to itself. *Dresser,* 853 S.W.2d at 511; *see also* TEX. BUS. & COM. CODE ANN. § 1.201(b)(10) (Vernon Supp. 2005). Whether an agreement meets the conspicuous requirement is a question of law for the court. *Dresser,* 853 S.W.2d at 509.

■ An agreement that does not "satisfy either of the fair notice requirements when they are imposed is unenforceable as a matter of law." *Storage & Processors, Inc. v. Reyes,* 134 S.W.3d 190, 192 (Tex. 2004). "However, if both contracting parties have actual knowledge of the plan's terms, an agreement can be enforced even if the fair notice requirements were not satisfied." *Id.*

### DISCUSSION

### A. Fair Notice

■ American Home argues the indemnity provision in the service agreement satisfied both fair notice requirements. We begin with the conspicuousness of the provision. The service agreement here consists of a single page (printed front and back) and contains twenty-two numbered paragraphs. The signature lines are at the bottom of the front side of the agreement. Two lines above the signature line, the agreement states, "The parties understand and agree to the Additional Terms set forth on the back of this Agreement." The last paragraph on the front side requires Turn–Key to obtain certain types of

insurance but specifies that such insurance will not "relieve [Turn–Key] of liability under the indemnity provisions of this Agreement."

The indemnity provision is the first of a series of numbered paragraphs located on the back of the agreement. It is in the same font, typeface, and color as the rest of the agreement. There are no descriptive headings in the agreement. It provides:

> [Turn–Key] expressly indemnifies and holds [American Home] harmless against any and all actions, losses, claims, liabilities, damages or expenses (including attorney's fees and expenses) alleged to have been incurred or caused, directly or indirectly, by [Turn–Key] or [American Home] (or any of their employees, agents or representatives) in connection with [Turn–Key's] or [American Home's] (or their employees', agents' or representatives') intentional and/or negligent acts or omissions to perform any obligation under this Agreement, any Work Assignment, or any work performed by [Turn–Key] on any denied items or any non-covered items.

The indemnity provision is no more visible than any other provision in the agreement and does not appear to be designed to draw the attention of a reasonable person against whom the clause was to operate. In *Dresser*, the indemnity and release "provisions [were] located on the back of a work order in a series of numbered paragraphs without headings or contrasting type." *Dresser*, 853 S.W.2d at 511. They were contained in a series of uniformly printed and spaced paragraphs on the reverse side of the contracts with a provision incorporating those paragraphs on the front side of the contract. *Id.* at 511 n. 6. The contracts were not so short that every term must be considered con-

spicuous. *Id.* The supreme court concluded the provisions were not conspicuous and thus were unenforceable. *Id.*

 The indemnity provision in the service agreement is similar to those considered in *Dresser*. It is located on the back of the contract in a series of numbered, uniformly printed and spaced paragraphs without headings or contrasting type. We conclude the indemnity provision is not conspicuous. *See U.S. Rentals, Inc. v. Mundy Serv. Corp.*, 901 S.W.2d 789, 793 (Tex.App.-Houston [14th Dist.] 1995, writ denied) ("[I]ndemnity provisions set forth among unrelated terms and conditions on the backs of forms, and printed without distinguishing typeface, have generally been held not to be conspicuous."). We need not discuss whether the express negligence test is satisfied because an indemnity provision must satisfy both requirements of the fair notice standard. *Reyes*, 134 S.W.3d at 192; *Dresser*, 853 S.W.2d at 509–10.

## B. Actual Knowledge Exception

 We now consider whether American Home raised a genuine issue of fact as to the actual knowledge exception to the fair notice requirements. Because this exception is an affirmative defense, American Home, as non-movant, had the burden to raise an issue of fact on each element of the defense. *Reyes*, 134 S.W.3d at 194; *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex.1994). Turn–Key argues that American Home did not plead actual notice or knowledge of the indemnity provision as an affirmative defense. However, American Home raised actual notice or knowledge of the provision in its responses to Turn–Key's response and cross-motion for summary judgment. We conclude the issue is preserved for appeal. *See Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co.*, 20 S.W.3d 692, 699

(Tex.2000) (raising affirmative defense in response to motion for summary judgment preserved issue for appeal).

The supreme court has said in a footnote that "the fair notice requirements are not applicable when the indemnitee establishes that the indemnitor possessed actual notice or knowledge of the indemnity agreement." *Dresser*, 853 S.W.2d at 508 n. 2. However, *Dresser* did not further discuss or apply the exception; rather it determined that indemnity provisions in the written contracts were not enforceable even though the contracts were signed by the party resisting indemnity. *Id.* at 511. More recently, the supreme court described the exception in terms of actual knowledge: "However, if both contracting parties have actual knowledge of the plan's terms, an agreement can be enforced even if the fair notice requirements were not satisfied." *Reyes*, 134 S.W.3d at 192. In *Reyes*, the court applied the fair notice requirements to a non-subscriber workers' compensation benefits plan, but concluded a genuine issue of material fact was raised whether the employee, who did not read or speak English, had actual *knowledge* of the terms of the plan. *Id.* at 194. Thus, when the court directly addressed the exception to the fair notice requirements, it spoke in terms of actual knowledge, not actual notice. *Id.*

American Home relies on the following language from the affidavit of Turn–Key's owner to raise the exception:

At no point did any American Home Shield representative inform me of any indemnity provision in the Service Agreement I signed. Even after reading the Service Agreement, I never understood that I could be liable to American Home Shield for their own actions. Further, I never intended that the Service Agreement I signed with American Home Shield would subject me to liabili-

ty for the negligence, if any, of American Home Shield, its agents, or employees.

Relying on the actual notice language in the *Dresser* footnote, American Home argues that by reading the agreement, Turn–Key is deemed as a matter of law to have actual notice of the indemnity provision. *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 20 S.W.3d 119, 126–27 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (stipulation that president of party read the agreement containing the indemnity provision when he signed it was sufficient to establish actual notice and an exception to the fair notice requirements). In effect, American Home argues any time there is evidence the indemnitor read an agreement containing the indemnity provision, the fair notice requirements do not apply.

Regardless whether the standard is actual notice or actual knowledge, we think something more is required to do away with the fair notice requirements than mere evidence a party read the agreement before signing it. Indeed, by signing the agreement, the party is presumed to have read it. *See In re McKinney*, 167 S.W.3d 833, 835 (Tex.2005); *Brown v. Aztec Rig Equip., Inc.*, 921 S.W.2d 835, 846 (Tex.App.-Houston [14th Dist.] 1996, writ denied). To hold that reading the agreement is enough to bypass the fair notice requirements would allow the exception to swallow the rule and render the fair notice requirements ineffectual in all but the most rare instances. This would defeat the policy behind the fair notice requirements.

If merely reading the agreement were enough to trigger the exception to the fair notice requirements, the result in *Dresser* would not have been possible. Both writings in *Dresser* were signed by the indemnitor, Page, thus raising the presumption

that Page read them. *See Dresser Indus., Inc. v. Page Petroleum, Inc.,* 821 S.W.2d 359, 362 (Tex.App.-Waco 1991), *aff'd in part, rev'd in part,* 853 S.W.2d 505 (Tex. 1993). Yet, the supreme court concluded that both provisions were unenforceable because they were not conspicuous. *Dresser,* 853 S.W.2d at 511.

Additionally, the mere evidence that Turn–Key read the service agreement is in stark contrast to the evidence the supreme court found raised a fact issue in *Reyes.* There, evidence was presented that the plan's terms were explained to the employee in Spanish and he signed a form which recited the plan's details. *Reyes,* 134 S.W.3d at 194. The employee denied that the plan was ever explained to him in Spanish or English and that he received any paperwork in written Spanish. *Id.* Here, the only evidence is that after reading the service agreement, Turn–Key did not understand it could be held liable for American Home's conduct. We conclude that American Home failed to raise a genuine issue of fact on the actual knowledge exception to the fair notice requirements.

### CONCLUSION

We resolve American Home's first two issues against it. We need not reach the other issues regarding the denial of its motion for summary judgment. TEX. R.APP. P. 47.1.

We affirm the trial court's judgment.