02-12-164-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00164-CV

 


 
 
 Edwin
 A. White
  
  
  
 v.
  
  
 JPMC
 2004-C3 Trails Apartments LLC, a Delaware limited liability company
 
 
 §
  
  
 §
  
  
 §
  
  
 §
  
  
 
 
 From the 141st District
 Court
  
  
 of
 Tarrant County (141-228089-08)
  
  
 December
 21, 2012
  
  
 Opinion
 by Justice Gabriel
 
 


JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It
is further ordered that Appellant Edwin A. White shall pay all costs of this
appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS 

 

 

By_________________________________

   
Justice Lee Gabriel

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00164-CV


 
 
 Edwin A. White
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 JPMC 2004-C3 Trails Apartments LLC, a Delaware
 limited liability company
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 141st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Edwin A. White appeals the trial court’s judgment in favor of appellee JPMC
2004-C3 Trails Apartments, L.L.C. (the Trails Apartments) for $1,507,506.59 for
waste of collateral.  We affirm.

Background
Facts

          The
borrower, MBS—The Trails, Ltd. (MBS), through its agent Michael Smuck,
executed a $3,795,000 promissory note made payable to PNC Bank and secured by the
deed of trust to the apartment complex.  White and Smuck signed a nonrecourse
indemnification agreement in which they

assume[d] liability
for and agree[d] to pay, protect, indemnify, defend and hold harmless [PNC] (and
any assignee or purchaser of all or any interest in the note and the security
instrument) from and against any and all liabilities, obligations, losses,
damages, costs and expenses (including attorneys’ fees), causes of action,
suits, claims, demands and judgments which at any time may be imposed upon,
incurred by or awarded against [PNC] and for which borrower at any time may be
personally liable pursuant to the non-recourse exceptions (as defined in
paragraph 12 of the note).

 

Paragraph
12 of the note provided that PNC could

obtain personal,
recourse judgments against any person or entity (including borrower) relating
to any losses (including attorney’s fees and court costs) sustained by [PNC] in
connection with any fraud, intentional misrepresentation, waste, or
misappropriation of tenant security deposits or rents collected more than one
(1) month in advance by [MBS].

 

Neither
White nor Smuck signed the note or the deed of trust.

PNC
assigned the note to Wells Fargo Bank, N.A.  MBS began missing payments on the
note in September 2007.  Wells Fargo then delivered a demand letter to MBS, White,
and Smuck.  Because the defaults continued, Wells Fargo accelerated the
maturity of the note, advised White of the acceleration, and posted the
property for foreclosure.

Soon
after, Wells Fargo hired Jay Parmelee with Lincoln Property Company to
investigate whether a receivership was necessary.  Parmelee observed serious
damage to the property, including mold on the ceilings, rotting boards, and
broken walls.  At Wells Fargo’s request, Parmelee was appointed by the court as
receiver of the property.  The property was foreclosed upon on April 1, 2008,
and The Trails Apartments was the successful bidder.  The Trails Apartments sued
MBS, Smuck, White, and White’s wife, Ellen, claiming that waste had occurred
and that they were responsible for it under the note, deed of trust, and
indemnity agreement.  The trial court rendered judgment against MBS, Smuck, and
White for $1,507,506.59.[2]  White appealed.

Discussion

          White
argues that any waste committed on the property was the result of the Trails
Apartments’ own negligence (and that of its predecessors) and it is thus barred
from recovery by the express negligence rule.  The express negligence
requirement is a rule of contract interpretation that an agreement purporting
to indemnify the indemnitee against liability for its own negligence must
clearly state that intent within the four corners of the agreement itself.  See
Storage & Processors, Inc. v. Reyes, 134 S.W.3d 190, 192 (Tex.
2004); Ethyl Corp. v. Daniel Constr. Co., 725 S.W.2d 705, 708 (Tex.
1987) (noting that “[i]ndemnitees seeking indemnity for the consequences of
their own negligence which proximately causes injury jointly and concurrently
with the indemnitor’s negligence must also meet the express negligence test”).

          We
previously addressed this same issue in White v. MLMT 2004-BPC1 Carlyle
Crossing, LLC, No. 02-10-00233-CV, 2011 WL 3672022, at *6 (Tex. App.—Fort
Worth Aug. 18, 2011, pet. denied) (mem. op.), in which we held that “the
express negligence rule does not apply here to bar appellee’s recovery pursuant
to the terms of the indemnity agreement because appellee was not seeking
recovery for its own negligence.”  Like in Carlyle Crossing, the
indemnity provision at issue here indemnified the Trails Apartments from any
losses it incurred for which MBS was liable under the note.  See id.  In
other words, “if MBS did not make good on any obligation for which it was
liable under recourse provisions of the note and deed of trust, [White] would
make good on them.”  Id.; see also id. at *1 (detailing terms of
indemnity agreement similar to the terms of the agreement at bar).  The Trails
Apartments did not seek recovery for its own negligence, and White failed to
establish that the Trails Apartments or its predecessors were negligent; thus, the
express negligence rules does not apply here.  See Nat’l City Mortg.
Co. v. Adams, 310 S.W.3d 139, 143–44 (Tex. App.—Fort Worth 2010, no pet.); Man
GHH Logistics GMBH v. Emscor, Inc., 858 S.W.2d 41, 43 (Tex. App.—Houston
[14th Dist.] 1993, no writ) (“[T]he express negligence rule does not apply in
this case because appellants are not seeking to recover for their own
negligence.”).

          Additionally,
White did not attack the trial court’s findings of fact and conclusions of law
on appeal.  Findings of fact entered in a case tried to the court have the same
force and dignity as a jury’s answers to jury questions.  Anderson v. City
of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court’s
findings of fact are reviewable for legal and factual sufficiency of the
evidence to support them by the same standards that are applied in reviewing
evidence supporting a jury’s answer.  Ortiz v. Jones, 917 S.W.2d 770,
772 (Tex. 1996); McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986)
(“When findings of fact are filed and are unchallenged, [] they occupy the same
position and are entitled to the same weight as the verdict of a jury.  They
are binding on an appellate court unless the contrary is established as a
matter of law, or if there is no evidence to support the finding.”).

The trial
court found, among other things, that 

MBS intentionally
damaged the property and defaulted on the loan;

 

White allowed the
property to be wasted and continued to accept dividends on his investment;

 

White executed a
non-recourse indemnification agreement in which he agreed to indemnify and hold
harmless the holder of the loan documents; and

 

White was liable for the entire amount of damages under
Paragraph 12 of the note.

White
did not challenge any of the findings concerning waste and the damages related
thereto.  Because the record contains evidence to support all of these
unchallenged findings, they are binding on this court.  When the uncontested
findings state that MBS caused the waste and that White was liable, White’s
argument that the Trails Apartments sought indemnification for its own
negligence must fail.  We overrule White’s issue.

Conclusion

Having
overruled White’s sole issue on appeal, we affirm the trial court’s judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and GABRIEL, JJ.

 

DELIVERED:  December 21,
2012









[1]See Tex. R. App. P. 47.4.





[2]The Trails Apartments
nonsuited Ellen.  The trial court entered an agreed judgment between The Trails
Apartments and Smuck and MBS.  Ellen, Smuck, and MBS are not parties to this
appeal.