

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00164-CV

| | | |
|---|---|---|
| Edwin A. White | § | From the 141st District Court |
| | § | of Tarrant County (141-228089-08) |
| v. | | |
| | § | December 21, 2012 |
| JPMC 2004-C3 Trails Apartments LLC, a Delaware limited liability company | | |
| | § | Opinion by Justice Gabriel |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

It is further ordered that Appellant Edwin A. White shall pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Gabriel



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00164-CV

EDWIN A. WHITE

APPELLANT

V.

JPMC 2004-C3 TRAILS
APARTMENTS LLC, A DELAWARE
LIMITED LIABILITY COMPANY

APPELLEE

----------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Edwin A. White appeals the trial court's judgment in favor of appellee JPMC 2004-C3 Trails Apartments, L.L.C. (the Trails Apartments) for $1,507,506.59 for waste of collateral. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

The borrower, MBS—The Trails, Ltd. (MBS), through its agent Michael Smuck, executed a $3,795,000 promissory note made payable to PNC Bank and secured by the deed of trust to the apartment complex. White and Smuck signed a nonrecourse indemnification agreement in which they

> assume[d] liability for and agree[d] to pay, protect, indemnify, defend and hold harmless [PNC] (and any assignee or purchaser of all or any interest in the note and the security instrument) from and against any and all liabilities, obligations, losses, damages, costs and expenses (including attorneys' fees), causes of action, suits, claims, demands and judgments which at any time may be imposed upon, incurred by or awarded against [PNC] and for which borrower at any time may be personally liable pursuant to the non-recourse exceptions (as defined in paragraph 12 of the note).

Paragraph 12 of the note provided that PNC could

> obtain personal, recourse judgments against any person or entity (including borrower) relating to any losses (including attorney's fees and court costs) sustained by [PNC] in connection with any fraud, intentional misrepresentation, waste, or misappropriation of tenant security deposits or rents collected more than one (1) month in advance by [MBS].

Neither White nor Smuck signed the note or the deed of trust.

PNC assigned the note to Wells Fargo Bank, N.A. MBS began missing payments on the note in September 2007. Wells Fargo then delivered a demand letter to MBS, White, and Smuck. Because the defaults continued, Wells Fargo accelerated the maturity of the note, advised White of the acceleration, and posted the property for foreclosure.

3

Soon after, Wells Fargo hired Jay Parmelee with Lincoln Property Company to investigate whether a receivership was necessary. Parmelee observed serious damage to the property, including mold on the ceilings, rotting boards, and broken walls. At Wells Fargo's request, Parmelee was appointed by the court as receiver of the property. The property was foreclosed upon on April 1, 2008, and The Trails Apartments was the successful bidder. The Trails Apartments sued MBS, Smuck, White, and White's wife, Ellen, claiming that waste had occurred and that they were responsible for it under the note, deed of trust, and indemnity agreement. The trial court rendered judgment against MBS, Smuck, and White for $1,507,506.59.[2] White appealed.

## Discussion

White argues that any waste committed on the property was the result of the Trails Apartments' own negligence (and that of its predecessors) and it is thus barred from recovery by the express negligence rule. The express negligence requirement is a rule of contract interpretation that an agreement purporting to indemnify the indemnitee against liability for its own negligence must clearly state that intent within the four corners of the agreement itself. *See* *Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 192 (Tex. 2004); *Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705, 708 (Tex. 1987) (noting that

---

[2]The Trails Apartments nonsuited Ellen. The trial court entered an agreed judgment between The Trails Apartments and Smuck and MBS. Ellen, Smuck, and MBS are not parties to this appeal.

"[i]ndemnitees seeking indemnity for the consequences of their own negligence which proximately causes injury jointly and concurrently with the indemnitor's negligence must also meet the express negligence test").

We previously addressed this same issue in *White v. MLMT 2004-BPC1 Carlyle Crossing, LLC*, No. 02-10-00233-CV, 2011 WL 3672022, at *6 (Tex. App.—Fort Worth Aug. 18, 2011, pet. denied) (mem. op.), in which we held that "the express negligence rule does not apply here to bar appellee's recovery pursuant to the terms of the indemnity agreement because appellee was not seeking recovery for its own negligence." Like in *Carlyle Crossing*, the indemnity provision at issue here indemnified the Trails Apartments from any losses it incurred for which MBS was liable under the note. *See id.* In other words, "if MBS did not make good on any obligation for which it was liable under recourse provisions of the note and deed of trust, [White] would make good on them." *Id.*; *see also id.* at *1 (detailing terms of indemnity agreement similar to the terms of the agreement at bar). The Trails Apartments did not seek recovery for its own negligence, and White failed to establish that the Trails Apartments or its predecessors were negligent; thus, the express negligence rules does not apply here. *See Nat'l City Mortg. Co. v. Adams*, 310 S.W.3d 139, 143–44 (Tex. App.—Fort Worth 2010, no pet.); *Man GHH Logistics GMBH v. Emscor, Inc.*, 858 S.W.2d 41, 43 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("[T]he express negligence rule does not apply in this case because appellants are not seeking to recover for their own negligence.").

Additionally, White did not attack the trial court's findings of fact and conclusions of law on appeal. Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986) ("When findings of fact are filed and are unchallenged, [] they occupy the same position and are entitled to the same weight as the verdict of a jury. They are binding on an appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding.").

The trial court found, among other things, that

MBS intentionally damaged the property and defaulted on the loan;

White allowed the property to be wasted and continued to accept dividends on his investment;

White executed a non-recourse indemnification agreement in which he agreed to indemnify and hold harmless the holder of the loan documents; and

White was liable for the entire amount of damages under Paragraph 12 of the note.

White did not challenge any of the findings concerning waste and the damages related thereto. Because the record contains evidence to support all of these unchallenged findings, they are binding on this court. When the uncontested

6

findings state that MBS caused the waste and that White was liable, White's argument that the Trails Apartments sought indemnification for its own negligence must fail.  We overrule White's issue.

## Conclusion

Having overruled White's sole issue on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  WALKER, MCCOY, and GABRIEL, JJ.

DELIVERED:  December 21, 2012